# DECISIONS

## OF THE

## SUPREME JUDICIAL COURT

### OF

## MASSACHUSETTS

---

HAROLD WENGER *vs.* GREGORY J. ACETO.

Norfolk. February 7, 2008. - March 27, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*"Anti-SLAPP" Statute. Constitutional Law,* Right to petition government. *Larceny. Consumer Protection Act,* Availability of remedy.

Discussion of G. L. c. 231, § 59H, the "anti-SLAPP" statute, and the burden-shifting procedure governing a special motion to dismiss brought under that statute. [4-5]
In a civil action alleging, inter alia, malicious prosecution and abuse of process against the plaintiff's former attorney for seeking a criminal complaint against the plaintiff for attempted larceny (by means of a dishonored check) under G. L. c. 266, § 37, in an attempt to collect payment for past services, the Superior Court judge erred in denying the defendant's special motion to dismiss those claims, brought under G. L. c. 231, § 59H, the "anti-SLAPP" statute, where the defendant met his initial burden to demonstrate that the conduct complained of was petitioning activity, and the plaintiff failed to meet his burden of demonstrating that the defendant's petitioning activity

was devoid of any reasonable factual support or any arguable basis in law. [5-8]

In a civil action, the Superior Court judge properly denied the defendant's special motion to dismiss pursuant to G. L. c. 231, § 59H, the "anti-SLAPP" statute, as to the plaintiff's claim under G. L. c. 93A, where the alleged grievances enumerated in the plaintiff's complaint included a multitude of matters, claims, and disputes independent of the defendant's petitioning activities, thereby removing the G. L. c. 93A claim from the strictures of the anti-SLAPP statute. [8-9]

CIVIL ACTION commenced in the Superior Court Department on July 14, 2006.

A special motion to dismiss was heard by *Judith Fabricant,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*George C. Rockas (Kara Thorvaldsen* with him) for the defendant.

*Edward Foye* for the plaintiff.

GREANEY, J. The plaintiff, a physician, filed a complaint in the Superior Court seeking damages against the defendant, his former attorney, for malicious prosecution (count one); abuse of process (count two); and violations of G. L. c. 93A (count three). The defendant filed a special motion to dismiss the plaintiff's complaint pursuant to G. L. c. 231, § 59H, commonly known as the "anti-SLAPP"[1] law. The special motion was denied by a judge in the Superior Court. The defendant appealed from that denial, and we transferred the case here on our own motion. See *Fabre* v. *Walton,* 436 Mass. 517, 520-522 (2002), *S.C.,* 441 Mass. 9 (2004) (allowing interlocutory appeal from denial of motion to dismiss under § 59H). We conclude that the denial of the special motion to dismiss with respect to count three of the complaint was proper, but that the special motion to dismiss should have been allowed as to counts one and two. Our reasoning is as follows.

1. The record reveals a plethora of factual disputes. The parties appear to agree, however, on the facts material to this appeal, which we now set forth. The defendant represented the plaintiff on various legal matters over the course of eight years.

---

[1] "SLAPP" is an acronym for "strategic litigation against public participation."

In January, 2005, the plaintiff gave the defendant a check for $10,000 as payment for legal services performed in 2003. When the defendant attempted to deposit the check in his bank account, the check was returned to the defendant with the notation "NSF [insufficient funds]."[2]

On January 12, 2006, the defendant sent the plaintiff a formal written demand for payment by certified mail, which was returned because it was not claimed by the plaintiff. On February 3, the defendant had the formal written demand delivered by hand to the plaintiff. In the letter, the defendant notified the plaintiff of his intent to apply for criminal charges against him if he (the plaintiff) failed to provide payment as promised. On February 8, the plaintiff responded by informing the defendant that he intended to assert claims of malpractice against the defendant. Two days later, the defendant filed an application for a criminal complaint, pursuant to G. L. c. 218, § 35A, in the Dedham Division of the District Court Department, against the plaintiff for larceny by check, G. L. c. 266, § 37.[3] The defendant's application was considered by a clerk-magistrate of the District Court, who, after an evidentiary hearing, determined that there was no probable cause for the complaint to issue and denied the application.[4]

On July 14, 2006, the plaintiff filed a complaint in the Superior

---

[2]For purposes of this case, we accept the plaintiff's explanation that the bank's notation was in error.

[3]General Laws c. 266, § 37, provides:

> "Whoever, with intent to defraud, makes, draws, utters or delivers any check . . . for the payment of money upon any bank . . . with knowledge that the maker or drawer has not sufficient funds or credit at such bank . . . for the payment of such instrument, although no express representation is made in reference thereto, shall be guilty of attempted larceny, and if money or property or services are obtained thereby shall be guilty of larceny. As against the maker or drawer thereof, the making, drawing, uttering or delivery of such a check . . . payment of which is refused by the drawee, shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds . . . unless the maker or drawer shall have paid the holder thereof the amount due thereon, together with all costs and protest fees, within two days after receiving notice that such check, draft or order has not been paid by the drawee."

[4]The clerk-magistrate noted the lack of proof of criminal intent and suggested that the defendant's cause of action against the plaintiff "belong[ed] on the civil side."

Court asserting claims against the defendant for malicious prosecution and abuse of process. The opening paragraph of the complaint states that the claims therein "aris[e] out of a criminal claim brought in the Dedham District Court." The plaintiff later amended the complaint to add a third claim for violations of G. L. c. 93A. We now consider the merits of the defendant's special motion to dismiss the amended complaint.

2. General Laws c. 231, § 59H,[5] "protects the 'exercise of [the] right of petition under the constitution of the United States or of the [C]ommonwealth,' by creating a procedural mechanism, in the form of a special motion to dismiss, for the expedient resolution" of suits designed to deter or retaliate against individuals who seek to exercise their right of petition. *Office One, Inc.* v. *Lopez*, 437 Mass. 113, 121 (2002). A SLAPP suit generally has no merit; the plaintiff's objective is not to win, but to "use litigation to intimidate opponents' exercise of rights of petitioning and speech," and "to deter common citizens from exercising their political or legal rights or to punish them for doing so." *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 161-162 (1998), quoting *Wilcox* v. *Superior Court*, 27 Cal. App. 4th 809, 816-817 (1994). The statutory definition of "a party's exercise of its right of petition" includes "any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding." G. L. c. 231, § 59H. "The typical mischief that the legislation intended to remedy was lawsuits directed at individual citizens of modest means for speaking publicly against development pro-

[5]General Laws c. 231, § 59H, provides, in pertinent part:

"In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the [C]ommonwealth, said party may bring a special motion to dismiss. The court shall advance any such special motion so that it may be heard and determined as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based."

jects." *Office One, Inc.* v. *Lopez, supra* at 121-122, quoting *Duracraft Corp.* v. *Holmes Prods. Corp., supra.* Although many States require that the petitioning activity involve a matter of public concern, as a prerequisite to invoking the protection of their own anti-SLAPP statute, the "public concern" element is not part of G. L. c. 231, § 59H. See *Duracraft Corp.* v. *Holmes Prods. Corp., supra* at 163-164 & n.12. See also *Baker* v. *Parsons,* 434 Mass. 543, 548-549 (2001).

The burden-shifting procedure governing an anti-SLAPP motion is established. See *Cadle Co.* v. *Schlichtmann,* 448 Mass. 242, 249 (2007); *Fabre* v. *Walton,* 436 Mass. 517, 520 (2002); *Baker* v. *Parsons, supra* at 544, 551-552; *McLarnon* v. *Jokisch,* 431 Mass. 343, 348-349 (2000); *Duracraft Corp.* v. *Holmes Prods. Corp., supra* at 167-168. We briefly outline that procedure. As a threshold matter, the party seeking dismissal (the defendant) must demonstrate, through pleadings and affidavits, that the plaintiff's claims are based on "petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." *Id.* If this showing is not made, the special motion must be denied. If the showing is made, then the burden shifts to the nonmoving party (the plaintiff) to demonstrate, again by pleadings and affidavits, that the moving party's petitioning activities were "devoid of any reasonable factual support or any arguable basis in law" and the petitioning activities "caused actual injury to the responding party." G. L. c. 231, § 59H. If these showings are made, by a preponderance of the evidence, then the special motion to dismiss must be denied. If that standard is not met for one or both elements, the special motion to dismiss must be allowed. See *Cadle Co.* v. *Schlichtmann, supra*; *Fabre* v. *Walton, supra* at 522-524; *Baker* v. *Parsons, supra*; *McLarnon* v. *Jokisch, supra* at 348-349.

3. Applying these principles to counts one and two of the plaintiff's amended complaint, it is beyond doubt that the defendant has met his initial burden of proving that the only conduct complained of is petitioning activity. See *Fabre* v. *Walton, supra* at 524. As has been stated, the plaintiff explicitly states in his amended complaint that his claims "aris[e] out of a criminal claim brought in the Dedham District Court." Although the factual allegations of the amended complaint that followed include grievances other than the filing of the criminal complaint application,

those grievances pertain to the defendant's misconduct in the performance of professional services to the plaintiff, the subject matter of the plaintiff's claim under G. L. c. 93A in count three, and they have no apparent relationship to the malicious prosecution and abuse of process claims. It then falls to the plaintiff to demonstrate that the defendant's petitioning activity is devoid of any reasonable factual support or any arguable basis in law. He has not met this burden.

A person is guilty of attempted larceny under G. L. c. 266, § 37, when he, "with intent to defraud, makes, draws, utters or delivers any check . . . for the payment of money upon any bank . . . with knowledge that the maker or drawer has not sufficient funds or credit at such bank . . . for the payment of such instrument," and is guilty of larceny "if money or property or services are obtained thereby." The statute further provides that "the making, drawing, uttering or delivery of such a check . . . shall be prima facie evidence of intent to defraud and of knowledge of insufficient funds," unless payment is made for the amount due (together with costs incurred) within two days after receiving notice that the check was returned for insufficient funds. G. L. c. 266, § 37. The defendant's version of events indicates that he informed the plaintiff that the plaintiff's check had "bounced," and the plaintiff promised to deliver a new check. The replacement check, however, was never forthcoming. The plaintiff, on the other hand, denies knowing that the check was dishonored by his bank until he received notice of the defendant's intention to seek a criminal complaint. (He acknowledges knowing, however, that the check was never cashed.) The plaintiff's attorney conceded at the District Court hearing that the defendant "clearly thought," at the time the application for the criminal complaint was filed and, until informed otherwise during the hearing, that the plaintiff's check had been returned for insufficient funds. There is a sufficient basis in the record, therefore, to allow a reasonable conclusion (albeit, perhaps, misinformed) on the defendant's part that the plaintiff's conduct had satisfied the elements of G. L. c. 266, § 37, for attempted larceny, and that there was "prima facie evidence of [the plaintiff's] intent to defraud and of knowledge of insufficient funds." The defendant thus had a factual basis for filing the application for a criminal complaint against the plaintiff.

Addressing the legal basis for the application, the Superior Court judge reasoned that the knowing passing of a "bad check" does not, by itself, constitute the crime of larceny or attempted larceny. For a crime to occur, the judge further reasoned, one must obtain, or attempt to obtain, something of value by means of delivering the bad check. The judge concluded that because the check in this case was in payment for past services, the transaction did not involve an effort to obtain something of value, and because the defendant (an attorney) should have known this, the complaint had no arguable legal basis.

While some aspects of the judge's reasoning are undoubtedly correct, the analysis is not. The critical determination is not whether the petitioning activity in question will be successful, but whether it contains any reasonable factual or legal merit at all. We have noted that in the context of an anti-SLAPP motion, to demonstrate that a claim is devoid of any arguable basis in law, "[i]t is not enough for [the plaintiff] to show that [the defendant's] alleged petitioning activity . . . was based on an error of law; he must show that no reasonable person could conclude that there was [a basis in law] for [the petitioning activity]." *Baker* v. *Parsons, supra* at 555 n.20. We are aware of no Massachusetts cases holding that to make out a claim for attempted larceny under G. L. c. 266, § 37, based on a bad check, the complainant must demonstrate that the putative defendant was attempting to obtain something of value, and that past professional services do not qualify. That the complaint ultimately did not issue is not dispositive of the issue whether the anti-SLAPP statute protects the defendant's conduct. See *Donovan* v. *Gardner*, 50 Mass. App. Ct. 595, 600 (2000).[6] With no definitive law on whether past services can constitute a basis for seeking a larceny complaint under G. L. c. 266, § 37, and in light of the instruction just quoted in the *Baker* decision, the plaintiff has not shown that the defendant's petitioning activity lacked an arguable basis in law.

---

[6]It bears repeating that "the purpose of filing a SLAPP suit is not to prevail in the matter, but rather to use litigation to chill, intimidate, or punish citizens who have exercised their constitutional right to petition the government to redress a grievance." *Fisher* v. *Lint*, 69 Mass. App. Ct. 360, 363 (2007). See *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 161-162 (1998).

The plaintiff's essential position is that the defendant's application for a criminal complaint was baseless and reckless and filed in "a transparent attempt to collect a debt." The plaintiff points out that the defendant brought the criminal allegations against him two days after being put on notice of potential legal malpractice claims and posits that such abuse of the judicial system is of particular concern where the defendant himself is an attorney. The plaintiff's expressions of umbrage at the defendant's professional ethics, or lack thereof, are not determinative. Although we may dislike or disfavor an attorney's choice to seek a criminal complaint against a former client in an attempt to collect payment for past services, we cannot deny any citizen the constitutional right to petition the courts to seek legal redress. We conclude that counts one and two of the plaintiff's complaint may not go forward.[7]

The plaintiff's G. L. c. 93A claim, however, is a different matter. That claim alleges, generally, that the defendant was negligent, committed legal malpractice, and breached fiduciary duties owed to the plaintiff in connection with his legal services. The plaintiff's complaint lists more specific allegations as well; we repeat but a few. According to the plaintiff, the defendant "made repeated misrepresentations, false statements, and engaged in misconduct calculated to cause damage to [the plaintiff]"; "failed to provide a reasonable and necessary explanation of the legal matters in which [the plaintiff] was involved necessary to permit him to make informed decisions regarding the representation"; "charged and collected an illegal [or] clearly excessive fee"; "regularly represented [the plaintiff] and failed to communicate to [the plaintiff] in writing before or within a reasonable time after commencing the representation the basis of the fee to be charged and the services to be provided"; "failed to keep individual client records and, upon information and belief, misrepresented and deceived [the plaintiff] in the amount, the time spent, the services rendered, and the cost of said service, in order to intentionally deceive [the plaintiff] in paying greater legal fees than the [d]efendant was allowed to charge pursuant to the Massachusetts Rules of Professional Conduct."

The defendant asserts that the plaintiff's G. L. c. 93A claim

---

[7]In light of this conclusion, it is not necessary to reach the question whether the petitioning activity caused actual injury to the plaintiff.

involves "unsubstantiated factual and legal issues" and that the plaintiff filed this claim not for the purpose of winning the case, but to retaliate against the defendant. The defendant further asserts that "[m]ost of the conduct alleged is not even actionable" and that this is an instance of "sham litigation."[8] These assertions may be true, and the plaintiff's claim may not proceed far before being dismissed on other grounds. It is unclear whether the plaintiff brings his claim under G. L. c. 93A, § 9, or under § 11.[9] It is clear, however, that the laundry list of alleged grievances enumerated in the plaintiff's complaint include a multitude of matters, claims, and disputes independent of the defendant's application for a criminal complaint on the dishonored check, thereby removing the G. L. c. 93A claim from the strictures of G. L. c. 231, § 59H. As a consequence, the defendant's special motion to dismiss as to the G. L. c. 93A claim was properly denied.[10]

4. The order denying the defendant's special motion to dismiss the plaintiff's complaint is vacated. A new order is to enter allowing the special motion to dismiss as to counts one and two of the amended complaint, and denying the motion to dismiss as to count three of that complaint. The case is remanded to the Superior Court for further proceedings.

*So ordered.*

---

[8]The defendant moved for leave to file a supplemental brief and record appendix. The supplemental brief and record appendix have been filed, but we do not consider them because the arguments in the supplemental brief and the materials in the supplemental appendix were not presented to the judge.

[9]The record before us contains no document recognizable as a formal demand letter, as required by G. L. c. 93A, § 9. Nor does the record contain evidence that would support a determination that the plaintiff qualifies as an appropriate plaintiff under § 11. Any comment on potential procedural or substantive challenges to the plaintiff's G. L. c. 93A claim would be premature.

[10]General Laws c. 231, § 59H, provides for a mandatory award of attorney's fees and costs to a successful moving party, and the defendant requests in his brief that he be awarded attorney's fees and costs in connection with this appeal. Although he did not prevail on his special motion with respect to count three, we allow his request as to counts one and two of the amended complaint. The defendant may apply to this court for reasonable attorney's fees and costs in accordance with the procedure set forth in *Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004).