FabricaNT, Judith, J.
INTRODUCTION
This action arises from the sale of a plumbing business, and the subsequent failure of the business, which each party attributes to actions of the other. Before the Court is the plaintiff buyer’s special motion to dismiss certain counts of the defendant seller’s counterclaim, pursuant to the so-called “SLAPP Act.” For the reasons that will be explained, the motion will be allowed.
BACKGROUND
The plaintiff s complaint, filed on January 10,2008, alleges the following. Prior to January 14, 2005, defendant Andrew C. Donarumo (“Donarumo”), a plumber, owned and operated Drew’s Plumbing & Heating, Inc. (Drew’s I). Deirdre Donarumo (“Deirdre”) was trustee of a trust that owned the real estate on which the business operated. On that date, Donarumo sold the assets of the business to the plaintiffs, Michael and Joann Furlong, and Deirdre leased the real estate to them. Part of the consideration for the sale were two notes from the Furlongs to Donarumo, one for $200,000, and the second for $28,000 (allocated to two vehicles). As part of the sale transaction, Donarumo agreed not to compete with the business within a specified region for five years, and also to provide consulting to the business for three months without additional compensation. The Furlongs formed the plaintiff Drew’s Plumbing & Heating II, Inc. (“Drew’s II”), to operate the business, and Donarumo agreed to serve as “a director and/or officer” of that company, and to “be associated with [it] as Master Plumber.”
The complaint alleges that, prior to the closing, Donarumo made a series of misrepresentations to the Furlongs regarding the condition of the business, the capabilities of its staff, and his own intentions with respect to his future activities and the assistance he would provide. The complaint alleges that the plaintiffs relied on these misrepresentations in entering into the transaction. After the purchase, the complaint alleges, Donarumo, contrary to his represented intentions and contractual duties, remained in the plumbing business in competition with the plaintiffs, did not provide the promised consulting and assistance to the plaintiffs’ business, and made statements to employees and others that undermined the plaintiffs business.
As a result, the plaintiffs’ business deteriorated, despite their best efforts, and they were unable to pay the notes and rent. Donarumo accelerated the notes, initiated eviction, and repossessed the vehicles. The plaintiffs closed the business on June 5, 2006, and subsequently filed for bankruptcy protection, losing their home and an investment condominium to foreclosure.
Based on these allegations, the complaint asserts eight counts against Donarumo and Drew’s I: breach of the covenant not to compete (count I); breach of the implied covenant of good faith and fair dealing (count II); fraud in the inducement (count III); breach of fiduciary duty (count IV); violation of G.L.c. 93A (count V); interference with advantageous business relationships (count VI); intentional infliction of emotional distress (count VII); and “rescission and constructive trust on sale proceeds” (count VIII). The complaint also asserts a claim to reach and apply Donarumo’s beneficial interest in certain real estate trusts (count IX), and a claim for fraudulent transfer with respect to the proceeds of the sale (count X).
Simultaneously with the filing of their verified complaint, the plaintiffs moved ex parte for attachments on the defendants’ real estate, and trustee process attachments on certain bank accounts, in the amount of $1,080,000. In support of that motion, the plaintiffs filed their own affidavits and those of other witnesses detailing the defendants’ alleged misconduct. The Court (Neel, J.) allowed the ex parte motion on January 10, 2008. After a hearing on February 13, 2008, the Court (Neel, J.) left the attachments in place, but reduced their amount to $100,000.
On March 18, 2008, the defendants filed their answer and three-count counterclaim. The counterclaim alleges, in substance, that Donarumo worked with the plaintiffs for three months to transition the business; at the conclusion of the three months Michael Furlong provided written acknowledgment of his satisfaction with Donarumo’s fulfillment of that obligation; Donarumo worked in plumbing in the proscribed area only when Michael Furlong asked him to handle particular jobs; and the business deteriorated through the plaintiffs’ mismanagement. The counterclaim further alleges that the defendants defaulted on the notes and rent, leading the defendants to protect their security by issuing notice of the defaults and starting eviction proceedings. After the bankruptcy proceedings concluded, the counterclaim alleges, the plaintiffs “filed this action, alleging falsely and without basis that Donarumo fraudulently induced him into the sale of the business (notwithstanding the integration clause of the contract) and that Donarumo violated his non-compete agreement prior to Drew’s II going out of business.”
Count I of the counterclaim, entitled “Recoupment,” alleges that the plaintiffs owe the defendants an outstanding balance on the. notes, which the defendants are entitled to recoup from any judgment that might enter against them on the plaintiffs’ claims. Count II, entitled “abuse of process,” alleges that the plaintiffs’ “use of legal process is motivated by a desire to hinder, injure and interfere with plaintiffs-in-counterclaim’s legitimate pursuit of business and their business reputation”; it is “motivated by a desire to retaliate against plaintiffs-in-counterclaim’s legiti *316 mate, lawful and necessary actions taken to protect their assets through foreclosure upon defendants-in-counterclaim’s default ... by inflicting costs and expenses on plaintiff-in-counterclaim without legitimate claims and by misleading the Court”; it is “motivated by personal jealousy and malice and is intended to harass, vex and/or annoy, and to slander the business name of plaintiffs-in-counterclaim, and to inflict emotional distress”; “the foregoing reasons for defendants-in-counterclaim’s use of legal process are improper and illegitimate ulterior motives for a lawsuit”; and “Defendants-in-counterclaim furthered their abuse of process by seeking ex parte attachment . . . without good cause and by misleading the Court in relevant respects,” which are then detailed; and “as a result of defendants-in-counterclaims’ abuse of process, plaintiffs-in-counterclaim have been and will continue to be damaged, including, without limitation, through loss of business, through having to divert time and resources to this litigation, through emotional distress, and by- incurring substantial legal fees and costs.” Count III of the counterclaim (“Violation of Chapter 93A”), alleges only that the parties “were engaged in trade or business,” and that “Defendants-in-counterclaim actions and motivations set forth above and in Count II constitute unfair and deceptive acts within the meaning of G.L.c. 93A.”
The plaintiff now moves to dismiss counts II and III, on the ground that they are based solely on petitioning activity protected under the SLAPP Act. The Court agrees.
DISCUSSION
The standard applicable to a special motion to dismiss under the SLAPP Act, G.L.c. 231, §59H, is well known, and has been reiterated recently by the Supreme Judicial Court in Wenger v. Aceto, 451 Mass. 1, 5 (2008). At the first stage of the analysis, the moving party must show that the challenged claim is based solely on petitioning activity, and has “no substantial basis other than or in addition to the petitioning activities.” Id.; Baker v. Parsons, 434 Mass. 543, 550 (2001); Dwacraft Corp. v. Holmes Products Corp., 427 Mass. 156, 161 (1998). If conduct independent of the petitioning activity forms a substantial basis for the claim, the special motion to dismiss must be denied. See Garabedian v. Westland, 59 Mass.App.Ct. 427, 433 (2003); Ayasli v. Armstrong, 56 Mass.App.Ct. 740, 748 (2002). If the Court concludes that the claim is based solely on petitioning activity, the burden shifts to the non-moving party to show by a preponderance of the evidence both that the petitioning activity was devoid of any reasonable factual support or arguable basis in law, and that it caused actual injury. See G.L.c. 231, §59H; Duracraft, 427 Mass. at 167-68. If the non-moving party fails to meet that burden, the claim must be dismissed, and the moving party is entitled to attorneys fees incurred in connection with the claim.
The statute defines petitioning activity to include “any written or oral statement made before or submitted to a . . . judicial body; . . . any written or oral statement made in connection with an issue under consideration ... by a judicial body; . . . any statement reasonably likely to enlist public participation in an effort to effect such consideration; ... or any other statement falling within constitutional protection of the right to petition government.” G.L.c. 231, §59H. This definition encompasses all statements made in the context of or in connection with legal proceedings, whether true or false, and no matter what motivation may give rise to them. See Office One, Inc. v. Lopez, 437 Mass. 113, 122-23 (2002); Fabre v. Walton, 436 Mass. 517, 524 (2002); McLarnon v. Jokisch, 431 Mass. 343, 348 (2000).
The effect of the statute is to prohibit most, although not all, abuse of process claims, since such claims are by their nature based on petitioning activity. See Adams v. Whitman, 62 Mass.App.Ct. 850, 855 (2005). As that decision explained, an abuse of process claim can survive a special motion to dismiss under the SLAPP Act only if it alleges that the party who obtained the issuance of process took some action thereafter, using the process obtained, to further that party’s ulterior purpose. Id. Without some assertion that, the process was used to “coerce or obtain a collateral advantage or some other illicit activity,” the claim .is subject to dismissal. See Fabre, 436 Mass. 524 at n.10. Claims under G.L.c. 93A are somewhat less vulnerable to dismissal under the SLAPP Act than abuse of process claims, since they are not necessarily, by their nature, based on petitioning activity. See Wenger, 451 Mass. at 8-9. Nevertheless, to survive a special motion to dismiss, c. 93A claims, like any other claims, must meet the standards established under the statute.
Application of those standards here leaves no doubt that counts II and III of the counterclaims are based solely on petitioning activity. The conduct alleged in count II, as recited supra, consists solely of the filing of the action, the submission of affidavits and other materials to the Court in support of the motion for ex parte relief, and the failure to disclose to the Court information that the defendant contends should have been disclosed. Nothing in the allegations identifies any conduct outside the context of the litigation itself. Count III merely incorporates the allegations of count II, and characterizes that conduct as in violation of c. 93A. These claims “have no substantial basis other than or in addition to the petitioning activities.” Duracraft, 427 Mass. at 167. Compare Wenger, 451 Mass. at 8-9.
It thus falls to the defendants to show that the plaintiffs petitioning activity — that is, its filing of this action and motion for prejudgment security and submission of supporting materials — is devoid of any reasonable factual support or any arguable basis in *317 law. See Duracraft Corp., 427 Mass. at 167-68. The defendants have attempted to meet that burden by, in substance, submitting affidavits and appended exhibits that contradict the factual assertions of the verified complaint and the affidavits submitted in support of the ex parte motions. These materials mirror the materials that were before Judge Neel when he considered the motion to dissolve the attachments. On consideration of the materials submitted by both sides, Judge Neel reduced the attachment, but did not dissolve it entirely. That decision necessarily reflects a determination that the plaintiffs have a reasonable likelihood of success on the merits of at least some part of their claim. See Mass.R.Civ.P. 4.1(f). That determination is the law of the case, and establishes that the plaintiffs’ petitioning activity is not devoid of any reasonable factual support or any arguable basis in law. See generally, Demoulas Supermarkets, Inc. v. Ryan, 70 Mass.App.Ct. 259, 262 (2007). It follows that the special motion to dismiss must be allowed.
CONCLUSION AND ORDER
For the reasons stated, the Plaintiffs’ Special Motion to Dismiss Abuse of Process and Chapter 93A Counterclaims (M.G.L.c. 231, §59H) is ALLOWED. Plaintiff may submit a request for attorneys fees incurred in connection with those claims pursuant to Superior Court Rule 9A.