Tucker, Richard T., J.
Plaintiff, Industrial Commercial Electrical Corporation, Inc.’s (“ICE”) verified complaint seeks a declaratory judgment as to the disposition of $122,569.17 being held in an escrow-account pursuant to an escrow agreement which provides that the funds “are to be held in escrow pending the settlement of the dispute concerning your [William J. Bums’] fee for all services provided by you to ICE or until a court of competent jurisdiction directs that disbursement should be made, whichever first occurs.”
The defendant, William J. Burns (“Burns”) answered the verified complaint and filed a counterclaim seeking damages for Count I (Breach of Contract); Count II (Quantum Meruit); Count III (Unjust Enrichment); Count IV (Fraud); CountV (Misrepresentation); Count VI (Promissory Estoppel); Count VII (Breach of Covenant of Good Faith and Fair Dealing); Count VIII (Abuse of Process); Count IX (Libel); Count X (Slander); Count XI (Declaratoiy Judgment) and Count XII (M.G.L.c. 93A violations).
After filing a reply to the counterclaim the plaintiff now files a motion to dismiss the counts for Fraud, Misrepresentation, Abuse of Process, Libel and Slander for failure to state a claim upon which relief can be granted pursuant to Mass.R.Civ.P. 12(b)(6). Additionally, plaintiff seeks to dismiss the counts for Abuse of Process, Libel and Slander under a Special Motion to Dismiss pursuant to G.L.c. 231, §59H (the Anti-SLAPP statute).
After a hearing held on both motions on March 26, 2009 and review of the pleadings, motions and materials filed in support and in opposition thereto, I find and rule as follows.
Applicable Standard
A motion to dismiss or for judgment on the pleadings, by its very nature, “argues that the complaint (or counterclaim) fails to state a claim upon which relief can be granted.” Jarosz v. Palmer, 436 Mass. 526, 529 (2002), quoting J.W. Smith & H.B. Zobel, Rules Practice §12.16 (1974). In considering such a motion the allegations of the Complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor are to be taken as true. Nader v. Citron, 372 Mass. 96, 98 (1977). In pleading his case, however, a plaintiff may not assert legal conclusions cast in the form of factual allegations. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). “While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitlement to relief required more than labels and conclusions ... Factual allegations must be enough to raise a right to relief above the speculative level,... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). In short, a Complaint or in this case a counterclaim, must contain, to prevent a motion to dismiss, “allegations plausibly suggesting (not merely consistent with) an entitlement to relief.” Id.
DISCUSSION
Plaintiff seeks to dismiss the fraud and the misrepresentation claims of defendant’s counterclaim, essentially on an alleged lack of particularity of the pleadings. Mass.R.Civ.P. 9(b), Mass.R.Civ.P. 12(b)(6). I find that defendant, in his 148-paragraph Counterclaim, does set forth with sufficient particularity to survive a motion to dismiss the elements of these counterclaims. The Court will therefore deny plaintiffs motion to dismiss these counts.
The Court allows the Motion to Dismiss of Count VIII (Abuse of Process), Count IX (Libel) and Count X (Slander). In the counterclaim for abuse of process, the defendant sets forth nothing more than aggressive tactics on the part of plaintiff or at worst plaintiffs attempt to utilize available procedures to gain tactical advantages. There is nothing in defendant’s counterclaim that supports a finding that the plaintiffs Complaint for Declaratory Judgment was filed for any ulterior or illegitimate motive or purpose. Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76 (1986). Further, the Court agrees with plaintiff that the alleged defamation claims of libel and slander set forth in defendant’s counterclaim arose out of and/or occurred during judicial proceedings. Such statements are privileged. Sullivan v. Birmingham, 11 Mass.App.Ct. 359 (1981). Thus, the Court allows plaintiffs Motion to Dismiss Count VIII (Abuse of Process) Count IX (Libel) and Count X (Slander).
In regard to plaintiffs Special Motion to Dismiss Counts XIII, IX and X of the Counterclaim pursuant to G.L.c. 231, §59H (the Anti-SLAPP statute), the Court finds that, although dismissible under other grounds set forth above, these claims are not subject of a Special Motion to Dismiss under said statute. In order for a defendant to prevail under a Special Motion, it must be established that the plaintiffs complaint, or in this case, defendant’s counterclaim, is “based on [the opposing parly’s] petitioning activities.” Duracraft v. Holmes Prod. Corp., 427 Mass. 156, 167-68. “A party’s exercise of its right of petition” is defined under the statute as
any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement *422 or comments within constitutional protection of the right to petition government.
M.G.L.c. 231, §59H.
Herein there is nothing within the pleadings that tend to establish that defendant brought the counterclaim to target the plaintiff for “reporting violations of law, writing to government officials, attending public hearings, testifying before government bodies, circulating petitions for signature, lobbying for legislation, campaigning in initiative or referendum elections, filing agency or protest appeals, being parties in law-reform suits [and/or] engaging in peaceful boycotts and demonstrations.” Duracraft Corp. v. Holmes, supra at 162-63. The decision of Fabre v. Walton, 436 Mass. 517 (2002), relied upon by plaintiff, does not squarely support plaintiffs claims. Although in Fabre the Supreme Judicial Court allowed a party’s Special Motion to Dismiss where a defendant to a complaint for protection from abuse pursuant to G.L.c. 209A responded with a complaint alleging abuse of process, the court specifically found the complaint under G.L.c. 209A to be “petitioning activities” and that the defendant’s abuse of process complaint, upon “cursory review,” clearly demonstrated that it was brought based solely upon plaintiffs exercise of her right to bring the suit. Id. at 523-24.
In the count of the counterclaim alleging abuse of process brought by defendant, the defendant complains of the procedures employed by the plaintiff (i.e. ex parte hearings and seeking a short order of notice) and the resulting short time periods in which defendant had to respond. As such, this Court has dismissed this counterclaim as not alleging an ulterior or illegal purpose for the process. There is no real claim of this counterclaim targeting plaintiff s right to bring a declaratory judgment action. See Wenger v. Aceto, 451 Mass. 1, 4 (2008) (“A SLAPP suit generally has no merit; the plaintiffs objective is not to win, but to ‘use litigation to intimidate opponent’s exercise of rights of petitioning and speech . . .’ ”). Here the defendant seeks through his counterclaim payment for his services provided. As such I find that the count for abuse of process is not violative of the Anti-SLAPP statute, G.L.c. 231, §59H. Similarly, I find the counts for libel and slander, though subject to dismissal for the reasons set forth above, not to be directed at plaintiffs declaratory action and thus not violative of G.L.c. 231, §59H. It is not every counterclaim that is subject to a special motion to dismiss as being violative of a plaintiffs right to “petition” a court for relief. Indeed, a “meritorious [counterclaim] with a substantial basis other than or in addition to the petitioning activities implicated” is not subject to such a motion. Fabre v. Walton, supra at 524 (emphasis original), citing Duracraft Corp. v. Holmes, supra at 167. Unlike the complaint filed in Fabre, in which the only conduct complained of was the plaintiffs petitioning activity of seeking an order under G.L.c. 209A, Fabre v. Walton, supra at 524, here defendant’s counterclaims are, on their face, directed to financial recovery from the escrow fund and for damages for perceived violations of civil practice (i.e. the abuse of process and defamation counts). As such, I find no violations of G.L.c. 231, §59H.
Similarly, I find the defamation counts, although not supported in law, not to have been brought for “petitioning activities alone and [having] no substantial basis other than or in addition to petitioning activities." Wenger v. Aceto, supra at 5. Thus, I find these two counts, IX and X, although dismissible, not to be violative of G.L.c. 231, §59H.
ORDER
The Court DENIES the plaintiffs Motion to Dismiss Count IV (Fraud) and Count V (Misrepresentation). The Court ALLOWS plaintiffs Motion to Dismiss Count VIII (Abuse of Process); Count IX (Libel) and Count X (Slander), pursuant to Mass.R.Civ.P. 12(b)(6). The Court DENIES dismissal of Counts VIII, IX and X upon plaintiffs Special Motion to Dismiss pursuant to G.L.c. 231, §59H (the Anti-SLAPP statute).