Curran, Dennis J., J.
This case originates from an employment dispute between Micha Barnum and Tubifi, Inc., concerning Mr. Barnum’s employment status and right to compensation. Mr. Barnum brought suit against Tubifi claiming, inter alia, that Tubifi misclassified him as an independent contractor and that he was owed unpaid wages. With its answer, Tubifi pleaded counterclaims alleging breach of contract (Count I), interference with contractual relations (Count II), breach of implied covenant of good faith and fair dealing (Count III), breach of fiduciary duty (Count IV), fraud (Count V), and misrepresentation (Count VI).
Mr. Barnum now moves to dismiss these counterclaims by special motion under G.L.c. 231, §59H. For the following reasons Mr. Barnum’s special motion to dismiss is ALLOWED in part, and DENIED in part.
FACTUAL BACKGROUND
On May 13, 2011, Micha Barnum signed an offer to become Vice President of Business Development for Project Madmen, which was renamed as Tubifi, Inc. about one month after Mr. Barnum began working there. Tubifi is a high-tech start-up in the online video marketplace.
The terms of the offer specified that Mr. Barnum would take on a senior and important role in the business and would report to John Belchers, then the Chief Executive Officer of Tubifi. Mr. Barnum’s tasks included identifying and analyzing partnerships which would enhance cash flow, providing guidance and expertise, and initially assisting with sales efforts. The offer also stated that as a start-up company, initial base compensation would be determined by the business’s cash flow. When the company was fully funded and had a positive cash flow, Mr. Barnum’s position could expect to receive between $100,000 and $120,000 in base compensation. Further, while the offer indicated intent to create a stock incentive program and offer other benefits, none were offered at that time. In short, Mr. Barnum’s position was conditioned upon the company being able to raise sufficient capital and the business’s cash flow being capable of compensating the position.
Tubifi, Inc. agreed to pay Mr. Barnum $5,000 a month in base compensation before the company became fully funded. It made these payments from May 2011 through September 2011. From October 2011 until July 2012, Tubifi paid Mr. Barnum sporadically, if at all, and in varying amounts. During this time Mr. Barnum e-mailed Tubifi’s Chief Executive Officer and requested payment of these amounts.[2]
In November of 2013, Mr. Barnum stopped working at Tubifi. He filed the present suit against Tubifi and its executives Martin Heller, Richard Rabins, and Steven Schneider on February 7, 2014, claiming, inter alia, that he was misclassified as an independent contractor and that he is owed past wages because he was actually an employee of Tubifi. In their answer, Tubifi, Messrs Heller, Rabins, and Schneider insisted that Mr. Barnum was, in fact, an independent contractor and was compensated for his services through stock offerings in their corporation. Further, they alleged counterclaims arising from various interactions with Mr. Barnum throughout the course of his dealings with Tubifi.
DISCUSSION
I. Standard of Review
In order to obtain protection of his petitioning activities under the anti-SLAPP statute, G.L.c. 231, §59H, Mr. Barnum must make a “threshold showing through the pleadings and affidavits that the claims against [him] are based on the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.” See Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-68 (1998).
If the special movant, here Mr. Barnum, so demonstrates, the burden shifts to Tubifi, Inc. to show by a preponderance of the evidence that Mr. Barnum lacked any reasonable factual support or any arguable basis in law for his petitioning activity and that Tubifi suffered actual injury as a result. Baker v. Parsons, 434 Mass. 543, 551-52 (2001).
II. Mr. Bamum’s Burden— Demonstrating the Counterclaims Are Based Solely on Petitioning Activity
Petitioning activity includes “written or oral statement[s] made before or submitted to a legislative, executive, or judicial body.” G.L.c. 231, §59H. Here, Mr. Barnum filed a lawsuit against Tubifi and its executives alleging violations of fair wage statutes, a clear exercise of petitioning activity. The motive behind the petitioning activity is irrelevant at this stage, instead, the “focus is solely on conduct complained of, and, if the only conduct complained of is petitioning activity, then there can be no other substantial basis for the claim.” Office One, Inc. v. Lopez, 437 Mass. 113, 122 (2002), citing Fabre v. Walton, 436 Mass. 517, 523-24 (2002) (internal quotations omitted).
Allegations of Breach of Contract, Breach of Fiduciary Duty, Fraud, and Misrepresentation
Mr. Barnum has not satisfied his burden of demonstrating that the breach of contract, breach of fiduciary duty, fraud or misrepresentation counterclaims are based solely on his petitioning activity. Tubifi alleges that Mr. Barnum breached his contract not only by filing suit against it, but also by failing to provide services to it as outlined in the signed offer. While Tubifi refers to Mr. Barnum’s lawsuit in its allegation of breach of fiduciary duty, there are alternative bases for a counterclaim of breach of fiduciary duty outlined in the pleadings, particularly concerning allegations of self-dealing with regard to bookkeeping and *409 accrued wages. Lastly, Tubifi mentions false wage claims as a basis for the fraud and misrepresentation counterclaims, however, it also alleges that Mr. Barnum misrepresented his necessity for money for child support and misrepresented that he was managing the bookkeeping of Tubifi in good faith, while at the same time making self-serving lists showing his own accrued wages. Furthermore, any statements made by Mr. Bamum to Tubifi, Inc. or its executives were not petitioning activities because they were not statements made to executive, legislative, or judicial bodies. See G.L.c. 231, §59H.
When the claims have a substantial basis in some conduct other than the petitioning activity, the special motion will be denied. See Keystone Freight Corp. v. Bartlett Consol. Inc., 77 Mass.App.Ct. 304, 316-17 (2010). While all the above counterclaims make some reference to Mr. Bamum’s allegations that he is entitled to wages, they each have additional allegations upon which the counterclaims are based. Therefore, with respect to the breach of contract (Count I), breach of fiduciary duty (Count IV), fraud (Count V), and misrepresentation (Count VI) counterclaims, Mr. Barnum has not met his burden of demonstrating they are solely based on the petitioning activity and the special motion to dismiss must be denied. See id.
Allegations of Interference with Contractual Relations and Breach of the Implied Covenant of Good Faith and Fair Dealing
Mr. Bamum has met his threshold burden of demonstrating that the sole basis for the interference with contractual relations and breach of the implied covenant of good faith and fair dealing counterclaims is his petitioning activity, specifically, this lawsuit. The pleadings specifically state that these counterclaims have been brought as a result of Mr. Barnum’s “filing a false wage claim” and “bringing claims he in fact assured Counterclaim Plaintiff Heller and others at Tubifi that he was not entitled to.” It is beyond doubt that the special movant has satisfied its burden when the pleadings state that the claims are based upon the petitioning activity. See Wenger v. Aceto, 451 Mass. 1, 5 (2008). Here, there can be no doubt that Mr. Bamum has satisfied his burden because Tubifi’s counterclaims state that they arose out of the very petitioning activity contemplated by G.L.c. 231, section 59H. See id. Therefore, with respect to the intentional interference with contractual relations (Count II) and breach of the implied covenant of good faith and fair dealing (Count III) counterclaims, Tubifi must demonstrate that the petitioning activity has no reasonable factual support or arguable basis in law, and that it sustained actual damages, or those counterclaims must be dismissed.
III. Tubifi’s Burden — Demonstrating the Petitioning Activity Lacks Any Reasonable Factual Support or Arguable Basis in Law
Tubifi, Inc. must demonstrate, by a preponderance of the evidence, that Mr. Barnum lacked any reasonable factual support or arguable basis in law for his petitioning activity and that it suffered actual injury as a result. See Baker, 434 Mass. at 551-52. The court will assess the strength of the pleadings and competing affidavits in order to determine whether the preponderance of the evidence standard has been met.[3] See Ehrlich v. Stern, 74 Mass.App.Ct. 531, 538 (2009); see also Ayasli v. Armstrong, 56 Mass.App.Ct. 740, 748 (2002).
Aside from denying most of Mr. Barnum’s factual allegations in its answer and alleging a different factual scenario in its counterclaim, Tubifi, Inc. has done nothing to refute the facts alleged by Mr. Barnum. Further, it has failed to submit any affidavit upon which to base its factual allegations. Therefore, because it has not supported its rebuttal of Mr. Barnum’s allegations with affidavits, it is unable to show by a preponderance of the evidence that the petitioning activity lacked reasonable factual support.
To show Mr. Barnum’s petitioning activity lacked an arguable basis in law, Tubifi must show that no reasonable person could conclude that there was a basis in law for Mr. Bamum’s petitioning activity. Baker, 434 Mass. at 555 n.20. Based upon the pleadings and affidavits presented, a reasonable person could determine there is a question regarding Mr. Bamum’s employment status, even in light of the agreement he signed with Tubifi. Under G.L.c. 149, §148B, similar to G.L.c. 151A, §2, there is a rebuttable presumption towards status as an employee, and not an independent contractor. See Rainbow Dev. LLC v. Commonwealth Dep’t of Indus. Accidents, 2005 WL 3542770 at *2 (Mass.Super. 2005) [20 Mass. L. Rptr. 277], citing Athol Daily News v. Board of Review of Employment and Training, 439 Mass. 171, 175 (2003) (interpreting G.L.c. 151A, §2). Additionally, even where a contract exists which designates the signee as an independent contractor, the signee may still be found to be an employee under the provisions and presumptions of G.L.c. 149, §148B. See Rainbow Dev. LLC, 2005 WL 3542770 at *2-3. There is a question concerning whether Mr. Bamum may have been misclassified as an independent contractor. Tubifi, Inc. has not met its burden because there is an arguable basis in law for Mr. Bamum’s petitioning activity, therefore, the counterclaims alleging interference with contractual relations (Count II) and breach of implied covenant of good faith and fair dealing (Count III) must be dismissed.[4]
IV. Measure of Mr. Barnum’s Damages
Tubifi’s failure to meet its burden and the dismissal of counterclaims under Mr. Bamum’s special motion requires, by law, that this Court award him attorneys fees and costs associated with the bringing of this motion. See McLarnon v. Jokisch, 431 Mass. 343, 350 (2000). The court, however, retains the discretion to adjust those fees and costs. See Giuffrida v. High Country Investor, Inc., 73 Mass.App.Ct. 225, 244 *410 (2008). Therefore, given that Mr. Barnum has succeeded in dismissing only two out of the six counterclaims brought by Tubifi, Mr. Barnum shall receive only those costs and fees representing one-third of those associated in bringing ibis motion.
ORDER
For these reasons, Mr. Barnum’s special motion to dismiss is ALLOWED with respect to the counterclaims alleging interference with contractual relations (Count II) and breach of the covenant of good faith and fair dealing (Count III); and DENIED with respect to the counterclaims alleging breach of contract (Count I), breach of fiduciary duty (Count IV). fraud (Count V), and misrepresentation (Count VI). Furthermore, Tubifi, Inc. shall pay one-third of the reasonable costs and attorneys fees incurred by Mr. Barnum for the prosecution of this motion.
To this end, Mr. Barnum shall submit, within the next twenty days, a motion for attorneys fees and costs, accompanied by an affidavit of counsel attesting that records for the time expended were maintained contemporaneously and in tenths of an hour, as well as a copy of any cancelled checks or other documentation evidencing the payment of such bills incurred by him.
If the defendant Tubifi, Inc. -wishes to oppose such fee request, it shall be required, as a condition of any such opposition, to submit to the Court, for in camera review, within ten days after receiving Mr. Barnum’s motion for attorneys fees and costs, a copy of any bills or statements it received for legal services on these same two counterclaims. Such records may be redacted to the extent counsel feels necessary.
In an effort to bring the issue to a close as expeditiously as possible, the Court orders that any opposition papers filed by Tubifi, Inc. be submitted to the Court -within ten days after his counsel has received the motion from Mr. Barnum.

Tubifi, Inc. actually had many CEOs during the period Mr. Barnum worked there, beginning with John Belchers, Stefan Mehlhorn, and finally, Martin Heller.

Tubifi and Mr. Heller, Mr. Rabins, and Mr. Schneider filed no affidavits in support of their opposition to Mr. Barnum’s special motion to dismiss. To the extent that Tubifi, Mr. Heller, Mr. Rabins, and Mr. Schneider cited to affidavits in their opposition, the affidavits cited were not filed with the opposition, as required by Superior ourt Rule 9A(a)(2). Therefore, only the pleadings and those affidavits filed in conjunction with Mr. Barnum’s special motion to dismiss will be considered.

The court need not determine whether Tubifi, Inc. was actually harmed by the petitioning activity because Tubifi has not shown that the petitioning activity lacked any arguable basis in law.