NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-514

COMMONWEALTH

vs.

W.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, W.M., appeals from an order of a Superior Court judge committing him to the Bridgewater State Hospital (hospital) for one year pursuant to G. L. c. 123, § 18 (a). Concluding that the hospital failed to comply with the judge's order to provide an updated evaluation of the defendant within thirty days and that the motion judge abused her discretion in denying the defendant's motion to dismiss the hospital's petition on that basis, we reverse the July 2021 order of commitment.

1.  Background.  We need not recount the long and tortured history of this case.  For our purposes, we may start with the Superior Court's order of June 17, 2020, committing the

defendant to the hospital for one year.  The defendant was not represented by counsel certified to litigate civil commitments at this hearing.  Once counsel certified to litigate civil commitment matters was appointed, he promptly filed a motion to rescind the June 2020 order because of the lack of qualified counsel and arguing that there was inadequate evidence to support the commitment order.  After a hearing, a Superior Court judge agreed and rescinded the June 2020 commitment order.[1]

The parties disagreed on what should happen next.  The defendant suggested that, in the absence of a commitment order, the defendant should be returned to jail, which could then decide whether to request a new commitment.  The hospital argued that the defendant could continue to be held on its May 2020 petition for commitment.  See G. L. c. 123, § 6 (a) (person may be held at hospital "during the pendency of a petition for commitment").  Both parties agreed that the defendant required an updated evaluation.  The defendant requested that the new evaluation be due in fourteen days; the hospital requested thirty days, concerned whether the medical staff could complete an evaluation in that shorter time period.  The judge agreed with the hospital and orally ordered "[t]hat update may[ be] performed by [the hospital] where defendant is being detained,

---

[1] The hospital poses no challenge to the propriety of this order.

2

that update to take place within thirty days."[2]  A written order to the same effect was signed that day (Thursday) but apparently not mailed until January 25 (Monday).  The hospital asserts that it received the notice on January 27.

Thirty days from January 21, 2021, was Saturday, February 20, 2021.  On Wednesday, February 24, the hospital sent the court by facsimile an updated evaluation and a new petition for commitment pursuant to G. L. c. 123, § 18 (a).  The evaluation (which has not been provided to us) is apparently dated Sunday, February 21.  The new petition is dated Tuesday, February 23.[3]

Further proceedings were delayed, as four defense attorneys in succession moved to withdraw based on either a breakdown in communications with the defendant or after being fired by the defendant.  Finally, on July 27, 2021, the court was able to hear the defendant's motion to dismiss the petition.  Among other things, the defendant argued that the petition should be

---

[2] Because we conclude that the subsequent petition that forms the basis of the commitment order before us should have been dismissed in any event, we need not reach whether the defendant was properly retained at the hospital on the May 2020 petition for commitment after the June 2020 order was rescinded. Cf. G. L. c. 123, § 7 (c) ("The hearing on a petition brought for commitment pursuant to paragraph [e] of section 15, and sections 16 and 18, or for a subsequent commitment pursuant to paragraph [d] of section 8 shall be commenced within 14 days of the filing of the petition, unless a delay is requested by the person or his counsel").

[3] Presidents Day was February 15 in 2021.

dismissed because the hospital missed the thirty-day deadline to file the evaluation and updated petition. The judge (a different judge than the judge who ordered the updated evaluation) denied the motion and proceeded to hold a commitment hearing, ultimately entering a new order of commitment for one year. This appeal followed.[4]

2. _Timeliness_. At a subsequent commitment hearing under G. L. c. 123, § 18 (a), a judge must "[d]etermine whether subsequent commitment is warranted under [G. L. c. 123,] § 8 (a)" and whether such commitment should be to the hospital. K.J. v. Superintendent of Bridgewater State Hosp., 488 Mass. 362, 370 (2021). "The liberty interest at stake in a civil commitment proceeding is 'massive.'" Matter of M.C., 481 Mass. 336, 344 (2019), quoting Humphrey v. Cady, 405 U.S. 504, 509 (1972). "[W]e note that G. L. c. 123 was 'written in recognition of psychiatric patients' fundamental right to liberty,' which is curtailed considerably by an involuntary commitment." Pembroke Hosp. v. D.L., 482 Mass. 346, 352 (2019),

---

[4] In June 2023, the hospital discharged the defendant. In February 2024, the defendant was found incompetent to stand trial and committed anew to the hospital. Although the commitment order before us is no longer operative, "we have determined that the continuing stigma of a potentially wrongful commitment alone sufficed to defeat a claim of mootness." Commonwealth v. A.Z., 493 Mass. 427, 430 (2024), quoting Garcia v. Commonwealth, 487 Mass. 97, 102 (2021).

4

quoting Williams v. Steward Health Care Sys., LLC, 480 Mass. 286, 292 (2018).

The Supreme Judicial Court has "recognized that G. L. c. 123 provides for tight time limits, 'and any violation of those limits would risk running afoul of due process protections.'" Massachusetts Gen. Hosp. v. C.R., 484 Mass. 472, 488 (2020), quoting Matter of E.C., 479 Mass. 113, 122 n.8 (2018). These time limits are mandatory, and a violation of them entitles a defendant to dismissal of the petition for commitment. See Chapman, petitioner, 482 Mass. 293, 301 (2019). Furthermore, the time limits are to be "strictly interpreted." Kirk v. Commonwealth, 459 Mass. 67, 72 (2011). In commitment cases, "[a]ny unnecessary delay is unconstitutional." C.R., supra at 490.

Here, the hospital failed to complete the mental health evaluation and provide it to the court within the required thirty days, set both by the judge and by statute. See G. L. c. 123, § 18 (a). The hospital's response is to suggest that, notwithstanding the judge's oral command on January 21, 2021, that the evaluation was "to take place within thirty days," the hospital had thirty days from when it received a copy of the judge's written order entered on and dated January 21. We are aware of no authority -- and the hospital provides none -- that a Superior Court judge's orders given directly to a party are

5

not effective until reduced to writing, much less that they are ineffective until the party actually receives that writing by mail.

The hospital instead points us to this exchange at the end of the January 21 hearing:

THE CLERK:  "Attorney Sawyer, a question.  Do you need the Court to issue a new 18(a) evaluation order, or no?"

MS. SAWYER:  "We need an order from the Court for us to produce an evaluation."

THE CLERK:  "Will the Court endorsement upon the motion be sufficient for you to -- okay."

MS. SAWYER:  "Yes, it will."

The hospital asserts that "[t]his exchange clearly shows that the starting point for Bridgewater's evaluation would be the date of Bridgewater's receipt of the written notification from the lower court."

We doubt the judge had the authority to grant the hospital more than thirty days to complete the evaluation.  See G. L. c. 123, § 18 (a) ("The court which receives such report may order the prisoner to be taken to a facility or, if a male, to the Bridgewater state hospital to be received for examination and observation for a period not to exceed thirty days" [emphasis added]).  We are certain that the session clerk lacked the authority to alter the judge's deadline.  In any event, a clerk's asking whether the hospital will need a written order to

6

actually produce an evaluation is thin gruel indeed upon which to base the proposition that the judge gave the hospital an additional six days to perform the task. Rather, the judge's order meant what the judge said: that the hospital had thirty days to complete the evaluation and submit it to the court.

Presumptively, a respondent's motion to dismiss a petition for civil commitment because the petitioner failed to comply with the strict time limits set in civil commitment cases should be allowed. See Chapman, 482 Mass. at 301. Here, compliance with the time limit set by the judge was particularly important, as the defendant had been held for months on a commitment order that the judge had rescinded as improperly granted. No emergency or extraordinary circumstance was proffered by the hospital to explain its delay. Accordingly, the motion judge abused her discretion in denying the defendant's motion to dismiss the hospital's February 23, 2021, petition for commitment. See Newton-Wellesley Hosp. v. Magrini, 451 Mass.

777, 784 (2008) (hospital's failure to comply with court order showed abuse of civil commitment process).

Order of civil commitment
  dated July 29, 2021,
  reversed.

By the Court (Ditkoff,
  Englander & Smyth, JJ.[5]),

Clerk

Entered:  May 29, 2025.

---

[5] The panelists are listed in order of seniority.