LoConto, P.J.
Aggrieved by the trial judge’s allowance of the defendants Motion to Dismiss pursuant to M.RC.R, Rule 12(b) (6), and a Special Motion pursuant to G.L.c. 231, §59H, the plaintiff, pro se, commenced this appeal in accordance with District/Municipal Courts Rules for Appellate Division Appeal, Rule 8C. The facts and issues necessary for an understanding of this appeal are as follows. The plaintiff brought a two count complaint against his former spouse seeking damages for malicious prosecution and abuse of process (Count I) and for tort recovery under a theory of trespass quare clausum fregit (Count II). The complaint alleges that on April 6,1998, the defendant filed a criminal complaint in the Holyoke Division of the District Court against the plaintiff for events allegedly occurring on April 3, 1998. Specifically, she claimed that his actions constituted a violation of an existing abuse prevention order in violation of G.Lc. 209A §7. The complaint further alleges that on October 8,1998, the plaintiff was acquitted of this allegation after a trial by jury. After hearing held on April 20,2001, the trial judge allowed the defendant's motion under Rule 12(b) (6) as to both counts and also allowed the Special Motion pursuant to G.L.c. 231 §59H (“Anti-SLAPP” statute) and assessed $300.00 in attorney’s fees.
Motion to Dismiss
“Such a motion [to dismiss pursuant to rule 12(b) (6)] does not lie unless, on the face of the pleading, the plaintiff’s allegations, with all inferences drawn in the plaintiffs favor, do not state a set of facts which, if proved, would add up to a cause of action.” Natick Auto Sales, Inc. v. Department of Procurement and General Services, 47 Mass. App. Ct. 625, 630 (1999). All of the Allegations contained in the complaint must be accepted as true and all doubts must be resolved in favor of the complainant and the motion must be denied unless it is certain that no set of provable facts could entitle the plaintiff to the relief he requests. Kirkland Constr. Co. v. James, 39 Mass. App. Ct. 559 (1995).
Malicious Prosecution. In order to satisfy the rule with respect to the claim of malicious prosecution, the plaintiffs complaint must allege that the defendant instituted criminal proceedings against him with malice and without probable cause and that those proceedings terminated in the plaintiffs favor. Correllas v. Viveiros, 410 Mass. 314 (1991). “The essential element to be proved is that the defendant lacked probable cause to believe that the plaintiff had committed the crime charged, and the plaintiff has the burden of proving that element” Carroll v. Gillespie, 14 Mass. App. Ct. 12, 19 (1982). “Probable cause in the context of a civil action for malicious prosecution has long been defined as ‘such a state of facts in the mind of the ... (defendant) as would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion,’ that the plaintiff had committed a crime.” Lincoln v. *64 Shea, 361 Mass. 1, 4-5 (1972). As suggested by the definition, whether probable cause existed is judged by an objective, rather than a subjective standard. Seelig v. Harvard Coop Soc., 1 Mass App. Ct. 341, 344 (1973).
The plaintiffs complaint alleges that the defendant wished to gain sole custody of their daughter and remove her from the Commonwealth. The complaint declares that the defendant caused a criminal complaint to issue against him for a violation of law, and that the plaintiff was eventually acquitted. It further claims that as a result of the defendants actions, the plaintiff suffered damages. Whether the plaintiff can prove these elements and also meet his burden to prove that the defendant lacked probable cause to believe that the plaintiff had committed the crime charge, must be left for the trier of fact On its face, the complaint for malicious prosecution survives a Rule 12(b) (6) motion to dismiss.
Abuse of Process. “Abuse of process presupposes the use of legal action for an ulterior purpose, i.e., to achieve some end other than the apparent end of the litigation process which has been launched.” Silvia v. Building Inspector of West Bridgewater, 35 Mass. App. Ct. 451, 453 (1993). Malicious prosecution arises when civil or criminal prosecution is brought maliciously and without probable cause, whereas abuse of process constitutes the use of legal process improperly, and for a purpose for which it was not intended, Smith v. Steeves, 20 Mass. App. Dec. 171 (1961), or the improper use of process after it has been issued. Malone v. Belcher, 216 Mass. 209 (1913). “Thus, to avoid dismissal under Rule 12(b)(6), a plaintiff must allege fads which are sufficient to support the propositions that (1) ‘process’ was used; (2) for an ulterior or illegitimate purpose; (3) resulting in damage.” Jones v. Brockton Public Markets, Inc., 369 Mass. 387, 389 (1975).
Although each cause of action should be set forth in separate counts, the same facts can give rise to an action for abuse of process and malicious prosecution. Wood v. Bailey, 144 Mass. 365 (1887). On the face of the complaint, with all inferences in the plaintiff’s favor, the cause of action seeking damages for abuse of process survived the challenged motion to dismiss.
Trespass Quare Clausum Fregit. Count II of the complaint asserts that the plaintiff was not under any obligation to speak with the defendant and on April 3,1998, the defendant “by standing in the automobile’s doorway and preventing [the plaintiff] from closing the door, broke the close of the plaintiff’s property” thereby constituting a trespass, quare clausum fregit, in that the defendant interfered with the plaintiff’s “personal liberty” and caused him “great distress.” The common law action of trespass quare clausum fregit, has been applied to maintain an action for damages by someone who was in lawful possession of land, Sanford v. Vinal, 28 Mass. App. Ct. 476 (1990), and by a landlord against a tenant at will who commits voluntary waste. Chalmers v. Smith, 152 Mass. 561 (1891). The “gist of the action [is] the breaking and entering of the plaintiff’s close.” Lawrence v. O’Neill, 317 Mass. 393, 396 (1944). By its application, the tort is committed by one who intentionally enters land in possession of another, without a right or a license. RESTATEMENT, SECOND, TORTS §163, Comments b, c. Therefore, if the plaintiff proves all of the facts contained in count II, he nevertheless will not maintain an action in trespass quare clausum fregit. The allowance of the Motion to Dismiss count II is affirmed.
Special Motion to Dismiss
The defendant filed a Motion to Dismiss pursuant to G.L.c. 231, §59H, seeking dismissal of the two count complaint and an assessment of attorney fees. The motion was supported with the defendant’s affidavit and a memorandum of law. The relief requested by this statute, popularly known as the “anti-SIAPP” law,[1] was enacted by the legislature on December 29,1994, and originally thought to apply *65 to “suits [that] have been characterized as ‘generally meritless suits brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so.’ Wilcox v. Superior Court, 27 Cal. App. 4th 809, 816-817, [33 Cal. Rptr. 2d 446] (1994), citing Pring, SLAPPs: Strategic Lawsuits Against Public Participation, 7 Pace Envtl. L. Rev. 3, 5-6, 9 (1989).” McLarnon v. Jokisch, 431 Mass. 343, 346 (2000). It was intended to discourage claims against persons who exercise their “right to petition under the constitution of the United States or the Commonwealth.” G.L.c. 231, §59H. And “[a]s used in this section, the words ‘a party’s exercise of its right of petition’ shall mean any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government” G.L.c. 231, §59H. It is now acknowledged that the statute applies to such private actions as malicious prosecution, civil rights violations and intentional infliction of emotional distress. McLarnon, 427 Mass. at 162. Therefore, we conclude that G.L.c. 231, §59H applies to this complaint
Under the statute, once the defendant demonstrates that the claims against her were based upon her petitioning activity alone, then the burden shifts to the plaintiff to show that the defendants exercise of her right to petition, as previously defined, was devoid of any reasonable factual support or any arguable basis in law, and that her acts caused actual injury to the plaintiff. This case is similar to McLarnon v. Jokisch, cited above, and we adopt the reasoning to establish that the defendant has met her burden. The plaintiff, however, cannot meet his. The record is clear that judges in the superior and probate court issued or extended orders for protection from abuse sought pursuant to G.L.c. 209A. The plaintiff had an opportunity to be heard before any temporary order was extended. It is appropriate to conclude that he failed to persuade several judges that the protective orders should not be granted. The plaintiffs suggestion that on two occasions a probate court judge commented during said hearings that he recognized child custody as a paramount issue between the parties, cannot negate the conclusion that the plaintiff failed to meet his burden at those hearings that the defendant was not entitled to the relief requested. As such, the trial judge here was correct to conclude that the plaintiff failed to meet his burden pursuant to G.L.c. 231, §59H that there was no reasonable factual support or basis in law for the defendanf s petitioning activities. This is true, notwithstanding the plaintiff’s ultimate acquittal after a trial by jury for allegedly violating the order. We conclude that there was no abuse of discretion or error of law and thereby affirm the trial judge’s allowance of the motion and the assessment of the attorney’s fees.
Therefore we order the clerk of the trial court to enter an order vacating the allowance of the Motion to Dismiss in accordance to Rule 12(b) (6), and enter an order denying said motion. We further order that the clerk enter an order affirming the trial judge’s allowance of the Special Motion to Dismiss pursuant to G.L.c. 231, §59H and dismiss the appeal.

 The acronym “SLAPP” stands for Strategic Lawsuit Against Public Participation.