NEIL BENOIT *vs.* AMANDA FREDERICKSON & others.[1]

Worcester. January 9, 2009. - June 25, 2009.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*"Anti-SLAPP" Statute. Constitutional Law,* Right to petition government. *Practice, Civil,* Interlocutory appeal, Motion to dismiss, Costs, Attorney's fees. *Governmental Immunity.*

This court concluded that a party had a right to interlocutory appellate review of the denial of a special motion to dismiss filed pursuant to G. L. c. 231, § 59H, in a civil action in Superior Court, regardless whether claims or counterclaims remained pending. [151-152]

In an action filed in Superior Court by a plaintiff seeking damages for malicious prosecution, false imprisonment, and defamation, the judge erred in denying the defendants' special motion to dismiss pursuant to G. L. c. 231, § 59H, (the "anti-SLAPP" statute), where the defendants (two parents and their minor daughter) met their initial burden by showing that the plaintiff's claims were based on their petitioning activities alone (i.e., reporting to the police that the defendant had raped the minor daughter) and had no other substantial basis, and where the defendant failed to demonstrate that the defendants' petitioning activities were devoid of any reasonable factual support or any arguable basis in law. [152-154] CORDY, J., concurring, with whom MARSHALL, C.J., and BOTSFORD, J., joined.

Where this court determined, on appeal, that a Superior Court judge erred in denying a special motion to dismiss brought by the defendants in a civil action, the defendants were entitled, as required by G. L. c. 231, § 59H, to an award of their costs and attorney's fees related to the trial court proceedings on their special motion. [154]

CIVIL ACTION commenced in the Superior Court Department on June 27, 2005.

A special motion to dismiss was heard by *Ernest B. Murphy,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Krista Green Pratt (C.J. Eaton* with her) for the defendants.
*Stephen J. Gordon* for the plaintiff.

[1]Susan Frederickson and Michael Frederickson.

*Richard J. Yurko & Sarah R. Wunsch*, for American Civil Liberties Union of Massachusetts, amicus curiae, submitted a brief.

IRELAND, J. We granted the defendants' application for further appellate review to consider whether a Superior Court judge erred in denying the defendants' special motion to dismiss, pursuant to G. L. c. 231, § 59H ("anti-SLAPP" statute).[2] Because we conclude that the defendants are entitled to interlocutory appellate review, and that the motion judge erred in denying their special motion to dismiss, we reverse the denial and remand this case for further proceedings.

1. *Background.* We summarize the essential facts from the pleadings and affidavits appearing in the record. See *North Am. Expositions Co. Ltd. Partnership* v. *Corcoran*, 452 Mass. 852, 854 (2009); G. L. c. 231, § 59H. In July, 2002, the defendant, Amanda Frederickson, who was sixteen years old, reported to the police that the plaintiff, Neil Benoit, had raped her three days earlier. Frederickson reported that the rape had taken place

---

[2]General Laws c. 231, § 59H, provides, in pertinent part:

"In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss. The court shall advance any such special motion so that it may be heard and determined as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based. . . .

"All discovery proceedings shall be stayed upon the filing of the special motion under this section; provided, however, that the court, on motion and after a hearing and for good cause shown, may order that specified discovery be conducted. The stay of discovery shall remain in effect until notice of entry of the order ruling on the special motion. . . .

"If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters. Nothing in this section shall affect or preclude the right of the moving party to any remedy otherwise authorized by law."

at her home in Shrewsbury, where she lived with her parents, the defendants Michael and Susan Frederickson. Her report did not specify what time of day the incident occurred. The police arrested Benoit, and he was arraigned on the rape charge.[3] An assistant district attorney met with Frederickson and her mother prior to a probable cause hearing that was scheduled to take place in the District Court. On the date of the probable cause hearing in September, 2002, Frederickson and her mother met the assistant district attorney at the District Court and indicated to him that Frederickson did not wish to testify. The charges against Benoit were dismissed.

Benoit filed this action in the Superior Court in June, 2005, seeking damages against Frederickson for malicious prosecution, false imprisonment, and defamation, as well as recovery against her parents pursuant to G. L. c. 231, § 85G.[4] The defendants filed counterclaims, as well as a special motion to dismiss Benoit's complaint pursuant to the anti-SLAPP statute.[5] We need not detail the procedural history. In support of their special motion to dismiss, the defendants submitted affidavits of Frederickson and the assistant district attorney who had been assigned to prosecute the case against Benoit. In support of his opposition to the defendants' motion, Benoit submitted his own affidavits, the affidavit of John Lajoie, a private investigator Benoit retained during the pendency of the criminal charges against him, as well as the affi-

---

[3]Frederickson also reported to the police that Benoit had sexually assaulted her on various occasions during the prior eleven years, while he was her neighbor. Benoit was arraigned on additional criminal charges relating to those earlier alleged incidents in August, 2002.

[4]General Laws c. 231, § 85G, provides, in pertinent part:

> "Parents of an unemancipated child under the age of eighteen and over the age of seven years shall be liable in a civil action for any willful act committed by said child which results in injury . . . to another person . . . . Recovery under this section shall be limited to the amount of proved . . . damage but in no event shall it exceed five thousand dollars."

[5]Frederickson asserted claims for the acts of sexual assault, rape, assault and battery, intentional infliction of emotional distress, and false imprisonment that she alleged to have occurred between 1991 and July, 2002; she also asserted a claim for defamation; Frederickson as well as her parents asserted a claim for abuse of process; and her parents asserted a claim for loss of consortium, pursuant to G. L. c. 231, § 85X.

davits of Michael Preeper and Timothy Hartman. Although the affidavits of Preeper and Hartman accounted for Benoit's whereabouts during some of the relevant period of time, they did not account for Benoit's whereabouts between 11:30 P.M. on the day before the rape was alleged to have taken place and 12:30 A.M. on the day of the alleged rape, or from 10:30 A.M. until 7:30 P.M on the day of the alleged rape.

A hearing was held on the defendants' special motion to dismiss in June, 2006. By a written memorandum of decision and order in August, 2006, the judge denied the defendants' special motion. The defendants appealed. After hearing argument, the Appeals Court dismissed the defendants' appeal by an unpublished order. We granted the defendants' application for further appellate review.[6]

2. *Discussion.* a. *Interlocutory appeal.* We first consider, as a threshold matter, whether the defendants may proceed with their interlocutory appeal. In *Fabre* v. *Walton*, 436 Mass. 517, 521-522 (2002), *S.C.*, 441 Mass. 9 (2004), we held that there is a right to interlocutory appellate review of the denial of a special motion to dismiss filed pursuant to the anti-SLAPP statute, and that such appeals should proceed to the Appeals Court in the first instance. Here, in dismissing the defendants' appeal, the Appeals Court relied on its decision in *Baker* v. *Hobson*, 62 Mass. App. Ct. 659, 663 (2004), where it held that interlocutory appellate review from an order denying a special motion to dismiss is not available where counterclaims remain pending. The defendants argue that their interlocutory appeal should be allowed to proceed. We agree.

"As a general rule, an aggrieved litigant cannot as a matter of right pursue an immediate appeal from an interlocutory order unless a statute or rule authorizes it." *Elles* v. *Zoning Bd. of Appeals of Quincy*, 450 Mass. 671, 673-674 (2008). "Consistent with this rule, the denial of a motion to dismiss is ordinarily not an appealable order." *Fabre* v. *Walton, supra* at 521. One of the limited exceptions to the rule is the doctrine of present execution, under which an interlocutory order may be immediately appealed from if the order will interfere with rights in a way that cannot be

---

[6]We acknowledge the amicus brief filed by the American Civil Liberties Union of Massachusetts.

remedied on appeal from a final judgment. *Id.* We held that the doctrine of present execution applies to the denial of a special motion to dismiss pursuant to the anti-SLAPP statute, because, as in the context of a claim of governmental immunity where "[t]he right to immunity from suit would be 'lost forever' if an order denying it were not appealable until the close of litigation," *id.*, quoting *Brum* v. *Dartmouth*, 428 Mass. 684, 688 (1999), the denial of a special motion to dismiss interferes with rights in a way that cannot be remedied on appeal from the final judgment. *Fabre* v. *Walton*, *supra* at 521-522.

Our holding in the *Fabre* case did not limit the right to interlocutory appeal from the denial of a special motion to dismiss to cases where no other claims or counterclaims remain pending. Our reasoning there applies with equal force to the circumstances here. Regardless whether claims or counterclaims remain pending, "[t]he protections afforded by the anti-SLAPP statute against the harassment and burdens of litigation are in large measure lost if the petitioner is forced to litigate a case to its conclusion before obtaining a definitive judgment through the appellate process." *Id.* at 521. The defendants' interlocutory appeal was proper.

b. *Denial of special motion to dismiss.* The burden-shifting procedure that governs consideration of a special motion to dismiss pursuant to the anti-SLAPP statute is well established. *Wenger* v. *Aceto*, 451 Mass. 1, 5 (2008), and cases cited. The moving party bears the initial burden to demonstrate, through the pleadings and affidavits, that the claims sought to be dismissed are based on the party's " 'petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.' " *Id.*, quoting *Duracraft Corp.* v. *Holmes Prods. Corp.*, 427 Mass. 156, 167-168 (1998). "[T]he motive behind the petitioning activity is irrelevant at this initial stage." *Office One, Inc.* v. *Lopez*, 437 Mass. 113, 122 (2002). If the moving party fails to make such a showing, the special motion must be denied. *Wenger* v. *Aceto*, *supra*. Where the moving party makes the requisite showing, the burden shifts to the nonmoving party to show, by a preponderance of the evidence, through the pleadings and affidavits, that the moving party's petitioning activities were "devoid of any reasonable factual support or any arguable basis in law"

and that the petitioning activities "caused actual injury to the [nonmoving] party." *Id.*, quoting G. L. c. 231, § 59H.

Here, in analyzing the defendants' initial burden, the judge distinguished between the defendants' "motive behind the petitioning activities," which he concluded was irrelevant to his analysis, and the separate issue whether the defendants' petitioning activities were, in and of themselves, "legitimate." The judge further concluded that the defendants' petitioning activities in this case were not "legitimate," but rather "conditionally legitimate." On that basis, the judge ruled that Benoit was entitled to discovery and trial on his claims against the defendants, where a trier of fact would determine whether the defendants' petitioning activities were "legitimate" or "malicious." This was error.

We conclude that the defendants met their initial burden by showing that Benoit's claims were based on their petitioning activities alone and had no other substantial basis. *Wenger* v. *Aceto, supra* at 5. All of Benoit's claims against the defendants are based on Frederickson's report to the police. The reporting of a rape to police, which initiates the filing of a criminal complaint, is a petitioning activity encompassed within the protection afforded by G. L. c. 231, § 59H. See *id.* at 5-6 (filing of criminal complaint application constitutes petitioning activity); *McLarnon* v. *Jokisch*, 431 Mass. 343, 347 (2000) (anti-SLAPP statute's definition of "a party's exercise of its right of petition" broad enough to include filing for abuse protection order and supporting affidavit). As to the separate question whether Frederickson's parents also were engaged in petitioning activity, we conclude that, in these circumstances, their involvement in their minor daughter's reporting of crimes to the police plainly comes within the scope of petitioning.

Having determined that the defendants met their initial burden, the burden shifts to Benoit to show by a preponderance of the evidence, through the pleadings and affidavits, that the defendants' petitioning activities were devoid of any reasonable factual support or any arguable basis in law and that the petitioning activities caused him actual injury. See *Wenger* v. *Aceto, supra*; G. L. c. 231, § 59H. Benoit failed to meet this burden. Frederickson reported to the police the date on which the rape took place but did not specify what time of day it occurred. The affi-

davits submitted by Benoit do not account for his whereabouts between the hours of 11:30 P.M. on the day before the rape was alleged to have taken place and 12:30 A.M. on the day of the alleged rape, as well as from 10:30 A.M. until 7:30 P.M on the day of the alleged rape. Accordingly, Benoit did not show by a preponderance of the evidence that the defendants lacked any reasonable factual support for their petitioning activity.[7] The defendants were entitled to have their special motion to dismiss allowed.

c. *Costs and attorney's fees.* The defendants requested an award of costs and reasonable attorney's fees in their special motion to dismiss. Because we conclude that the defendants were entitled to have their special motion to dismiss allowed, they are entitled, as required by G. L. c. 231, § 59H, to an award of their costs and reasonable attorney's fees related to the Superior Court proceedings on their special motion. The defendants also requested in their brief, in accordance with the procedure set forth in *Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004), an award of their costs and reasonable attorney's fees in connection with this appeal. The defendants are entitled to such an award, and may file a petition for reasonable appellate attorney's fees and costs. See *McLarnon* v. *Jokisch*, *supra* at 350 (statutory provision for reasonable attorney's fees includes fees related to appeal).

---

[7]The anti-SLAPP statute requires the judge to consider the pleadings and supporting and opposing affidavits. The question to be determined by a judge in deciding a special motion to dismiss is not which of the parties' pleadings and affidavits are entitled to be credited or accorded greater weight, but whether the nonmoving party has met its burden (by showing that the underlying petitioning activity by the moving party was devoid of any reasonable factual support or arguable basis in law, and whether the activity caused actual injury to the nonmoving party). Faced with the pleadings and affidavits submitted by the defendants in support of their special motion to dismiss, the plaintiff here could not have met his burden even if the pleadings and opposing affidavits that he submitted had established his whereabouts during the entire day on which the rape was alleged to have occurred. Under the anti-SLAPP statute, the defendants' pleadings and supporting affidavits provided reasonable factual support (i.e., evidence that, if believed, would support a finding in the defendants' favor) and an arguable basis in law for their underlying petitioning activity (i.e., reporting a crime). The mere submission of opposing affidavits by the plaintiff could not, in these circumstances, have established that the defendants' petitioning activity was "devoid of any reasonable factual support or any arguable basis in law." G. L. c. 231, § 59H.

3. *Conclusion.* We reverse the order denying the defendants' special motion to dismiss and remand this matter for further proceedings consistent with this decision and for the award of costs and reasonable attorney's fees as required by G. L. c. 231, § 59H.

*So ordered.*

CORDY, J. (concurring, with whom Marshall, C.J., and Botsford, J., join). I agree with the court that the defendants are entitled to an interlocutory appeal from the judge's denial of their special motion to dismiss, even though a favorable ruling on that appeal will not end the litigation because of the presence of counterclaims. I also agree that the defendants have met their burden of demonstrating that Benoit's claims are based solely on their petitioning activities, the reporting of a crime to the police. Finally, I agree with the court that the claims against Michael and Susan Frederickson should be dismissed, because Benoit has made no showing in his pleadings or affidavits that their petitioning activity (facilitating their daughter's report of rape to the police) was "devoid of any reasonable factual support."[1]

While I concur in the court's ultimate conclusion that, based on the record before us, the claims against Amanda Frederickson (Amanda) also should be dismissed, I write separately to underscore the authority provided in the anti-SLAPP statute for a judge to permit limited discovery when confronted with the type of credibility issue presented in this case.

Amanda and Benoit have submitted affidavits directly contradicting each other on the critical question whether there was a rape or any sexual contact at all between them. There is no corroborating evidence of its occurrence other than the complaint Amanda said she made some time thereafter to her boy friend, and her complaint to the police three days after that. Nowhere in that complaint, or during the interview subsequently conducted by the police (as reproduced in the record) or in Amanda's affi-

---

[1] I am also of the view that G. L. c. 231, § 85G, which provides for the limited liability of parents for certain wilful acts of their children, does not apply to either the conduct or injuries alleged by the plaintiff in this case.

davits filed in support of her special motion to dismiss, is there any mention of the time of day the alleged rape occurred, a critical fact in this case in light of the plaintiff's affidavit. There is also no explanation of the circumstances because Amanda declined to testify against the plaintiff (her alleged attacker) and the criminal complaint was dismissed.

Benoit, on the other hand, swears that he did not have sexual contact with Amanda. In addition, he swears that he was more than twenty miles away from the alleged location of the rape during the day of (and the day before) the alleged incident. He has submitted affidavits from others, including a private investigator, that independently document his whereabouts for a substantial portion (but not all) of those two days.

If Benoit's statements in his affidavits are credible, Benoit will have established by a preponderance of the evidence that Amanda's criminal complaint was devoid of any reasonable factual basis and therefore not protected by the anti-SLAPP statute. If Amanda's statements in her affidavits are credible, Benoit will have failed to meet his burden. The competing affidavits are contradictory in material respects, and there is little, if anything, in the record to assist in determining which are credible.

We previously have not been confronted with a case in this precise posture, and have therefore not had occasion to consider whether a judge may exercise discretion to order further discovery before making a ruling. In terms of the statute, the judge plainly has the discretion to do so and could have done so in this case if Benoit had requested it.

Section 59H provides that "[a]ll discovery proceedings shall be stayed upon the filing of the special motion." However, it also explicitly permits "specified discovery" when ordered by the judge for "good cause shown." *Id.* This is the type of case in which good cause might have been shown, and specific discovery ordered (including the taking of limited depositions) in connection with deciding the special motion to dismiss.

We said in *McLarnon* v. *Jokisch*, 431 Mass. 343, 347-348 (2000), that the special motion procedure available in § 59H does not preclude claims for malicious prosecution.[2] The court

---

[2]It is indeed the right of every subject of the Commonwealth pursuant to art. 11 of the Massachusetts Declaration of Rights "to find a certain remedy,

does not question that holding today, and any ruling to the contrary would, in my view, be constitutionally suspect. That case involved such a claim, based on the alleged submission by one of the defendants of false allegations in an application for an abuse prevention order. *Id.* at 345. The court, in affirming the dismissal of the malicious prosecution claim, concluded that the plaintiff had not met his burden of showing that the application for the abuse prevention order (the petitioning activity) was devoid of reasonable factual support. We noted that throughout the abuse prevention proceedings there had been "numerous court hearings before different judges" where the plaintiff's al-. legations had been voiced and rejected by the granting of the protective orders and their many extensions. *Id.* at 349. Consequently, the judge in considering the special motion to dismiss could well have concluded from the record in the case that, despite contradictory affidavits, "the orders of these courts established that the plaintiff failed to meet his burden of proving no reasonable factual support" for the defendants' petitioning activities. *Id.*

We faced a nearly identical situation in *Fabre* v. *Walton*, 436 Mass. 517, 524 (2002), *S.C.*, 441 Mass. 9 (2004), an abuse of process case, where the plaintiff claimed that the defendant had filed false affidavits and given false testimony to secure an abuse prevention order. We concluded that the plaintiff failed to meet his burden in opposition to the defendant's special motion to dismiss (in spite of the plaintiff's affidavit claiming the abuse never occurred) because of "the findings and the final judgment entered in the contested [G. L. c.] 209A proceedings," from which the plaintiff did not appeal. *Id.* The final judgment constituted "conclusive evidence that the petitioning activity was not devoid of any reasonable factual support." *Id.*

We do not have that situation here. No judge has ruled on the credibility of the rape complaint; indeed, there has been no sworn testimony on the subject. In these circumstances, judges may, as the statute expressly permits, authorize specific discovery on the particulars of the facts that are alleged to have supported the underlying petitioning activity, in order to test the veracity

---

by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property or character."

of those facts. Thereafter, the plaintiff will bear the burden of demonstrating that the defendant's petitioning conduct was "devoid of any reasonable factual support."[3] G. L. c. 231, § 59H.

In the present case, Benoit did not seek leave to take discovery for the purpose of preparing a response that would better enable the judge to decide the defendants' motion to dismiss. Consequently, the record is insufficient to meet his burden of persuasion on the point.

.

---

[3]A finding by the judge that the plaintiff has met his burden and the case can go forward is, of course, not a judgment on the merits of the claim, but rather an evaluation whether the defendant's prior petitioning activity falls within the protection of the anti-SLAPP statute.