Greco, PJ.
This appeal requires us to assess the interaction of a harassment prevention order issued pursuant to G.L.c. 258E with the so-called anti-SLAPP statute set out in G.L.c. 231, §59H.
On February 1, 2012, the defendant, Colleen Stansfield (“Stansfield”), sought a harassment prevention order against the plaintiff, Roland Van Liew ("Van Liew”). At the initial hearing on that request, Stansfield testified that Van Liew had been “targeting” her for six years concerning school issues in the town of Chelmsford and that he had threatened her. However, there was no testimony at the hearing concerning the details of any such threats. The court issued a temporary order that Van Liew was not to harass Stansfield, not to contact her, and to stay away from where she lives. A date was set for a further hearing.
The subsequent hearing took place two weeks later. At that hearing, Stansfield testified that she went to a “meet and greet” organized by Van Liew, who was running for selectman in Chelmsford. When she was leaving the meeting, she asked Van Liew whether he was going to participate in debates. Stansfield testified that when she did so, Van Liew “got into [her] face” and said, “I know what you did. You sent... an anonymous letter to my wife.... I’m coming after you,” to which Stansfield responded, ‘You’re looking at a restraining order.” She then left the meeting, and “her legs *70 were shaking.” After this incident, she went to the police department where the procedure for obtaining a harassment prevention order was explained to her. Thereafter, she sought the above-referenced order. After several remarks about local politics with no specific references to Van Liew, she testified that Van Liew called her “corrupt and a liar” in regards to her work on the Chelmsford planning board.
After Stansfield’s testimony, Van Liew did not testify. His attorney, however, argued that “[t]his is a freedom of speech case,” and that his client has an “absolute Constitutional right for political speech,” and that he was “speaking out against elected officials.”
The judge subsequently noted that she could not find “the requisite two acts, three acts,” that some of the acts alleged by the plaintiff to be harassing were “political speech, not threatening in any way, not harassing,” and that Van Liew’s statements in an e-mail chain were “his version of what was happening in the town.” The judge concluded that “based upon what [she] heard, [she did not] feel a basis for continuing this order.” The temporary order was terminated.
In a complaint dated February 22,2012, Van Liew then filed a two-count complaint in the Lowell District Court. One count was for abuse of process, and the other for malicious prosecution. As to the count for abuse of process, in essence, Van Liew alleged that he was active in “Chelmsford town affairs”; that the defendant has opposed and “has been hostile to” some of his positions and those of the Chelmsford planning board; that he arranged for a “meet and greet” event in connection with his announcing that he was running for a seat on the board of selectmen; that at the meeting, he would discuss his “policy positions”; that six people attended the event along with a reporter from the local newspaper; that at his presentation, Stansfield and her husband were “rude” and “interrupted and harassed” him; that their actions prevented him from responding to questions from the other attendees; that the Stansfields intentionally did so to prevent the attendees from learning his positions; and that he “called an end to the meeting,” whereupon Stansfield continued to question him “in an aggressive manner.”
Van Liew stated that he was “annoyed by the defendant’s behavior” as described above, and told her “he did not want any more harassment,” to which Stansfield replied that he needed a restraining order. Stansfield, herself, then sought the above-discussed harassment prevention order. Van Liew alleges in his complaint that Stansfield sought the order, not out of fear, but to “disrupt” his campaign, and to “silence his voice,” thereby “depriving [his] right to free speech,” and “preventing him from promoting his candidacy for selectman,” and from attending events “aimed at meeting potential voters, discussing town issues, and otherwise campaigning for office.” Van Liew also stated in his complaint that after Stansfield obtained her harassment prevention order, but before it was terminated, she approached a local Chelmsford TV channel, demanding that it not “run” his planned “Meet the Candidate” show.
In sum, Van Liew alleged that his “comments regarding the defendant were neither abusive, harassing, nor malicious,” that they “were not committed with the intent to cause fear, intimidation or abuse,” and that they were “made in the context of political discourse, coiTecting misinformation provided to voters, and were well within [his] right to free speech as guaranteed by the Massachusetts and United States Constitutions.”
*71 With respect to the count for malicious prosecution, Van Liew alleged in his complaint that Stansfield sought the harassment prevention order and the amendment of that order against him without probable cause; that she knew she did not have probable cause; that she “did not reasonably believe that there was a sound chance [that] either the order or the amended order would be upheld upon an adjudication of the merits”; that she sought the orders with malice and improper motives “in order to vex, harass, and annoy [him] and to silence his voice as a citizen of Chelmsford concerning matters of public importance and interest”; and that she “interfered with [his] right to be free from unjustifiable litigation.”
Van Liew sought entry of judgment in his favor, plus costs and interest, along with “such other relief as [the] Court deems just and proper.” However, no specific damages were sought. Stansfield responded by filing a special motion to dismiss Van Liew’s complaint pursuant to G.L.c. 231, §59H. The trial judge found, based on Stansfield’s affidavit in support of her application for an harassment prevention order, that Van Liew failed to show that Stansfield’s application was devoid of “any reasonable factual support.” Accordingly, he allowed Stansfield’s motion to dismiss. Van Liew then filed this appeal.
Section 59H “protects the ‘exercise of [the] of the right of petition under the Constitution of the United States or of the [C] ommonwealth,’ by creating a procedural mechanism, in the form of a special motion to dismiss, for the expedient resolution of so-called ‘SLAPP’ suits. Although it is true that ‘[t]he typical mischief that the legislation intended to remedy was lawsuits directed at individual citizens of modest means for speaking publicly against development projects, the statute provides broad protections for other petitioning activities as well.’ It is not necessary that the challenged activity be motivated by a matter of public concern” (citations omitted). Office One Inc. v. Lopez, 437 Mass. 113, 121-122 (2002). See also Wenger v. Aceto, 451 Mass. 1, 4 (2008), where the Supreme Judicial Court, quoting Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 161-162 (1998), stated that “ [a] SLAPP suit generally has no merit; the plaintiff’s objective is not to win, but to ‘use litigation to intimidate opponents’ exercise of rights of petitioning and speech,’ and ‘to deter common citizens from exercising their political or legal rights or to punish them for doing so.’” Here, Stansfield contends that Van Liew’s complaints for abuse of process and malicious prosecution are such meritless SLAPP suits brought only to intimidate her.
It is clear that Stansfield’s harassment prevention order qualifies as a form of petitioning, as defined in G.L.c. 231, §59H as “any written or oral statement made before or submitted to a... judicial body.” In McLarnon v. Jokisch, 431 Mass. 343, 347 (2000), the Supreme Judicial Court, quoting Duracraft Corp., supra at 162-163, “acknowledged that ‘[t]he legislative history in Massachusetts demonstrates that in response to the problem of SLAPP suits the Legislature intended to enact very broad protection for petitioning activities .... In the statute as enacted, the Legislature ... did not address concerns over its breadth and reach, and ignored its potential uses in litigation far different from the typical SLAPP suit.’” The Court in McLarnon went on to state that the exercise of the right to petition “is broad enough to include filing for abuse protection orders and supporting affidavits.” Id. at 347. See also Fabre v. Walton, 436 Mass. 517 (2002), which also involved an abuse protection order. There would appear to be no basis not to reach a similar conclusion with respect to harassment prevention orders under G.L.c. 258E.
*72 With Stansfield having established that her G.L.c. 258E claim was a petitioning activity, the burden then shifted to Van Liew “to demonstrate by a preponderance of the evidence that [her] petitioning activity was devoid of any reasonable factual support or any arguable basis in law.” Id. at 524. “This standard places the burden on the nonmoving party, as the Legislature intended, but without creating an insurmountable barrier to relief.” Baker v. Parsons, 434 Mass. 543, 554 (2001). Thus, the issue here is whether Van Liew has “shown by a preponderance of the evidence that [Stansfield] lacked any reasonable factual support for [her] petitioning activity.” In making this determination, §59H provides that “the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.” However, see also McLarnon, supra at 349, where the Court stated that “despite conflicting affidavits, the judge could conclude that the orders” at other hearings in the case established in the situation there that “the plaintiff failed to meet his burden of proving no reasonable factual support or basis in law for the defendant’s petitioning activities.”
In the case at bar, at the initial hearing to determine simply whether a temporary harassment prevention order should be issued, the judge had before her only Stansfield’s testimony and self-serving affidavits. While we need not decide the issue, it is certainly questionable whether the evidence was sufficient to enter even that order. However, at the subsequent hearing two weeks later, a different judge was presented with a much fuller picture of the situation. Both parties were present, although Van Liew, who was represented by counsel, chose not to testify. At the conclusion of that hearing, the temporary order was terminated. The court found that the evidence fell short of what was required to extend the temporary order. Specifically, she found that Van Liew’s speech was “political, not threatening in any way, [and] not harassing.” See Smith v. Jones, 67 Mass. App. Ct. 129, 133-134 (2006), where the Appeals Court stated with reference to an abuse prevention order under G.L.c. 209A that “no presumption arises from the fact that a prior order has issued; it is the plaintiffs burden to establish that the facts that exist at the time extension of the order is sought justify relief.”
Accordingly, based upon all the evidence, we conclude that Van Liew satisfied his burden and that it was error to dismiss his claim. This matter is returned to the Lowell District Court for trial.
So ordered.