Coven, J.
In this case, we conclude it was not error for the motion judge to decline to award attorney’s fees in connection with the plaintiffs motion to dismiss the defendant’s counterclaim, where the motion judge denied the motion brought pursuant to G.L.c. 231, §59H, the anti-SLAPP statute,[2] and dismissed the counterclaim on the alternative basis, raised by the plaintiff, that the counterclaim failed to state a cause of action.[3]
In allowing the motion to dismiss the defendant’s counterclaim, the motion judge did not initially distinguish whether the motion was allowed pursuant to the anti-SLAPP statute or Mass. R. Civ. P., Rule 12(b) (6). But following the allowance of the motion, the plaintiff, apparently of the belief that the motion was allowed pursuant to G.L.c. 231, §59H, filed a motion for an award of attorney’s fees, which was denied, and so, too, was the subsequently filed motion for reconsideration. Following the entry of final judgment on the plaintiff s case-in-chief, the plaintiff filed a notice of appeal raising the issue of the motion judge’s failure to award attorney’s fees on its successful motion to dismiss, which the plaintiff alleged was allowed pursuant to the anti-SLAPP statute. In response, the defendant filed a motion for clarification as to the grounds for the dismissal.[4] The motion judge wrote on the motion itself the following: “It was the court’s intention to allow the [plaintiff’s] motion to dismiss on 12(b)(6) grounds only.” Subsequent to that statement, the motion judge issued a written notice of clarification in which the judge stated that the record and audiotapes of prior hearings were reviewed and that, after review, “it has been this court’s intention to allow the plaintiff’s motion to dismiss on 12(b) (6) grounds, and deny the motion on Anti-Slapp grounds.”
*87 Before proceeding, we first address the procedural issue as to whether this appeal is properly before this Division. The Supreme Judicial Court has instructed that all interlocutory appeals from the denial of a motion to dismiss filed pursuant to the anti-SLAPP statute are to be filed in the Appeals Court. Fabre v. Walton, 436 Mass. 517, 522 (2002). In Fabre, the Court stated that devising this avenue of appeal for interlocutory appeals would produce “certainly, uniformity of treatment of litigants, and the development of a consistent body of law.” Id. This appeal, however, follows final judgment in favor of the plaintiff on its case-in-chief. Therefore, Fabre does not control. See Liew v. Stansfield, 2014 Mass. App. Div. 69, 71; Wendt v. Barnum, 2007 Mass. App. Div. 93, 96; Li v. Pengrove Bldg. Sys., Inc., 2007 Mass. App. Div. 54, 57 &n.6.
The plaintiff is in the business of transporting cars. The plaintiff filed a complaint in which it was alleged that the defendant’s vehicle was transported from Andover, Massachusetts to Florida in May, 2012 for the agreed upon sum of $1,200.00, and that the defendant failed to pay. In response to the complaint, the defendant filed a counterclaim alleging malicious abuse of process. The counterclaim alleges that the plaintiff’s complaint “was brought with malice and to accomplish unlawful and ulterior purposes,... including ... to harass[] [the defendant], extort[] money... where none is owed, and [to] caus[e] [the defendant] to incur... substantial attorney's fees to defend.” It further alleges that the complaint makes numerous misstatements that were known or should have been known, and that the complaint was brought “in response to [the defendant’s] attempts to lawfully prosecute a small claims action against the plaintiff... and therefore, is baseless and retaliatory.” This counterclaim was met by the plaintiff with the filing of a motion to dismiss.[5]
As we turn to the merits of the special motion, we note first that the plaintiff, as the party who filed the special motion to dismiss, ‘has the initial burden of demonstrating that the activity at issue is ‘petitioning’ activity within the purview of the anti-SLAPP statute and that the claims in the litigation ‘are “based on” the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.’” Fabre, supra at 522, quoting Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-168 (1998). The plaintiff may meet this burden through pleadings and affidavits. Benoit v. Frederickson, 454 Mass. 148, 152 (2009). “If the [plaintiff] fails to make the required showing, the challenged claim survives.” Adams v. Whitman, 62 Mass. App. Ct. 850, 853 (2005). But once the plaintiff has met that burden, the burden then shifts to the defendant “to demonstrate the merit of [its] claims by showing, by a preponderance of the evidence, that (1) the [plaintiff’s] petitioning activity is devoid of any reasonable factual support or any arguable basis *88 in law, and that (2) the activity caused the [defendant] actual harm.” Office One, Inc. v. Lopez, 437 Mass. 113, 123 (2002).
Against this background, we review the correctness of the motion judge’s ruling under an abuse of discretion standard. Baker v. Parsons, 434 Mass. 543, 550 (2001). At first glance, it may appear that the plaintiff met the initial burden by reference to the defendant counterclaiming that the plaintiffs complaint “was brought with malice and to accomplish unlawful and ulterior purposes,... including... to harass]] [the defendant], extort[] money... where none is owed, and [to] caus[e] [the defendant] to incur ... substantial attorney’s fees to defend,” and the plaintiffs complaint makes numerous misstatements that were known or should have been known. These allegations may appear to implicate directly the plaintiffs petitioning activity in filing the complaint. That is, it may be viewed that these allegations have no basis other than the filing of the complaint, and it is the petitioning conduct that forms the basis of these allegations. However, the defendant in filing the counterclaim alleged that the plaintiffs complaint was brought “in response to [the defendant’s] attempts to lawfully prosecute a small claims action against the plaintiff... and therefore, is baseless and retaliatory.” When read together, the defendant’s counterclaim placed the plaintiff on notice that the counterclaim was filed as an action for the plaintiff using the petitioning process for an ulterior motive — to affect the underlying small claims action.
There was no error in this case because the plaintiff failed to meet his initial burden. The motion judge did not abuse his discretion in concluding that the plaintiff failed to demonstrate that the defendant’s counterclaim had “no substantial basis other than or in addition to the petitioning activities.” Fabre, supra at 522, quoting Duracraft Corp., supra at 167-168. The record does not reflect the filing of any affidavits by the plaintiff or a request for discovery.[6] And the pleadings presented the framework for misuse of process. See Adams, supra at 855-858 (abuse of process claim may survive anti-SLAPP motion to dismiss).
It follows, then, that the motion judge’s dismissal was based on Mass. R. Civ. P., Rule 12(b) (6) grounds, from which, as noted, the defendant has not appealed.

 The acronym “SLAPP” stands for “Strategic Lawsuit Against Public Participation.” See Ayasli v. Armstrong, 56 Mass. App. Ct. 740, 748 (2002).

 The motion is captioned “PLAINTIFF’S SPECIAL MOTION TO DISMISS [DEFENDANTS] COUNTERCLAIM PURSUANT TO MASS. GEN. LAWS CHAPTER 231, §59H AND PLAINTIFF’S MOTION TO DISMISS DEFENDANT^] COUNTERCLAIM PURSUANT TO MASS. R. CIV. P. 12(b) (6).” In the body of the motion, the request to dismiss pursuant to Rule 12(b) (6) was in the alternative.

 The record does not reveal any objection to the motion.

 The defendant has not filed a cross-appeal from the allowance of the plaintiff’s motion pursuant to Rule 12(b) (6). We therefore do not address whether that ruling was correct.
We also note that the counterclaim could be read to allege the claims of both malicious prosecution and abuse of process. “Malicious prosecution arises when civil or criminal prosecution is brought maliciously and without probable cause, whereas abuse of process constitutes the use of legal process improperly, and for a puipose for which it was not intended, or the improper use of process after it has been issued” (citation omitted). Franco v. Mudford, 2002 Mass. App. Div. 63, 64.

 See G.L.c. 231, §59H (the court “on motion and after a hearing and for good cause shown, may order that specified discovery be conducted”).