NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-52

SALLY WYNN

vs.

DIANE DELORIE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this interlocutory appeal, the defendant challenges the denial of her special motion to dismiss under G. L. c. 231, § 59H (the anti-SLAPP statute). We affirm in part and reverse in part.

Background. "We summarize the facts from the pleadings and attached documentary evidence before the Superior Court." Bristol Asphalt Co. v. Rochester Bituminous Prods., Inc., 493 Mass. 539, 542 (2024) (Bristol Asphalt). The defendant worked at the front desk of an apartment complex where the plaintiff lived; the defendant also had a second job as a public school crossing guard. Building residents complained to the defendant and management about the plaintiff's behavior, and the plaintiff

was subsequently evicted for material noncompliance with her lease. After the eviction, the defendant reported an incident to the Newton police in which the plaintiff allegedly drove through the intersection where the defendant was working as a crossing guard, nearly striking her. The district attorney's office brought a criminal case against the plaintiff for assault with a motor vehicle; as a result, the plaintiff's driver's license was suspended. At trial in the criminal case, the defendant testified and submitted a victim impact statement. The plaintiff was found not guilty.

The plaintiff commenced this action on June 20, 2023, alleging malicious prosecution based on the defendant's report to the police and the subsequent criminal proceeding; two counts of slander, the first based on statements to the management office of the plaintiff's apartment building, and the second based on a statement allegedly made by the defendant to a court officer before the trial of the criminal case; and intentional infliction of emotional distress based on all of the foregoing acts.

The defendant filed a special motion to dismiss pursuant to G. L. c. 231, § 59H, claiming the plaintiff's suit was based solely on the defendant's protected petitioning activities. In denying the motion, the judge acknowledged that the defendant's reports to the police and her trial testimony were "core

2

petitioning activities," but found that the plaintiff's lawsuit, viewed as a whole, was "not aimed solely" at this activity, so dismissal was not warranted.[1]

Discussion. "[T]here is a right to interlocutory appellate review from the denial of a special motion to dismiss filed pursuant to the anti-SLAPP statute." Fabre v. Walton, 436 Mass. 517, 521-522 (2002). "[A] ruling on a special motion to dismiss is subject to de novo review on appeal." Columbia Plaza Assocs. v. Northeastern Univ., 493 Mass. 570, 577 (2024). See Bristol Asphalt, 493 Mass. at 560-562.

The simplified anti-SLAPP framework, set forth in Bristol Asphalt, 493 Mass. at 547-557, applies here. See Columbia Plaza Assocs., 493 Mass. at 578. It has two stages. Bristol Asphalt, supra at 555-557. In the first, the movant must "make a threshold showing through the pleadings and affidavits that the claims against it are 'based on' the party's petitioning activities alone and have no substantial basis other than or in

_____

[1] The defendant also filed a separate motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), which the judge addressed in the same order that addressed the defendant's special motion to dismiss. The defendant's notice of appeal purports to appeal from the entire order, but she makes no arguments directed toward the denial of her rule 12 (b) (6) motion and moreover, she has no right to an interlocutory appeal from the denial of that motion. Accordingly, we do not address whether the defendant's rule 12 (b) (6) motion was properly denied.

addition to the petitioning activities."  Id. at 555-556, quoting Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-168 (1998).  "The sufficiency of the special motion proponent's threshold showing [is] to be evaluated count by count."  Bristol Asphalt, supra at 551.  For each count, "if this showing is not made, the special motion must be denied" as to that count.  Wenger v. Aceto, 451 Mass. 1, 5, 9 (2008).

"If the threshold showing is made, the second stage of analysis follows."  Bristol Asphalt, 493 Mass. at 556.  If a claim is "based solely on the special motion proponent's petitioning activity, the burden shifts to the special motion opponent."  Columbia Plaza Assocs., 493 Mass. at 577.  "To defeat the motion . . . , the special motion opponent must show by a preponderance of the evidence that the special motion proponent's petitioning activity (1) was devoid of any reasonable factual support or any arguable legal basis; and (2) caused the special motion opponent actual injury."  Id.  See G. L. c. 231, § 59H.

At this second stage, "[t]he critical determination is not whether the petitioning activity in question [was] successful, but whether it contain[ed] any reasonable factual or legal merit at all."  Wenger, 451 Mass. at 7.  We consider "the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based."  G. L. c. 231, § 59H.

4

"[T]he evidentiary support in favor of the special motion proponent's petitioning activity must be quite limited in order for a special motion opponent to satisfy the 'devoid of any reasonable factual support' standard.  The legal basis for a special motion proponent's petitioning activity likewise need only be 'arguable.'"  Bristol Asphalt, 493 Mass. at 558.  See G. L. c. 231, § 59H.

"In ruling on a § 59H motion, the judge's role is not to decide whether the opponent's pleading . . . plausibly suggests an entitlement to relief so as to withstand a motion to dismiss under Mass. R. Civ. P. 12(b)(6), 365 Mass. 754 (1974)."  O'Gara v. St. Germain, 91 Mass. App. Ct. 490, 496 (2017).  The "focus must be solely on 'the conduct complained of'" (citation omitted).  Id.[2]

1.  Count I (malicious prosecution).  Protected petitioning activity includes, among others, "any written or oral statement made before or submitted to a legislative, executive, or judicial body" as well as "any written or oral statement made in connection with an issue under consideration or review by a

---

[2] The defendant also included arguments directed to the "second path" in Blanchard v. Steward Carney Hosp., 477 Mass. 141, 155-156 (2017), which was available before the Bristol Asphalt decision.  See Bristol Asphalt, 493 Mass. at 552-553. As this path is no longer available, we do not consider these arguments.

. . . judicial body."  G. L. c. 231, § 59H.  "[T]he statute provides broad protections for individuals who exercise their right to petition from harassing litigation."  Fabre, 436 Mass. at 520.  In determining whether statements constitute petitioning, "we consider them in the over-all context in which they are made."  North Am. Expositions Co. Ltd. Partnership v. Corcoran, 452 Mass. 852, 862 (2009).

Here, as the judge correctly recognized, the defendant met her threshold burden.  The defendant's "involvement in [the] reporting of crimes to the police plainly comes within the scope of petitioning."  Benoit v. Frederickson, 454 Mass. 148, 153 (2009).  The defendant's testimony and victim impact statement were "made before [and] submitted to a . . . judicial body." G. L. c. 231, § 59H.  Cf. Dickey v. Warren, 75 Mass. App. Ct. 585, 589 (2009) (threshold burden met where defamation suit was based only on statements made at condemnation hearing).  The malicious prosecution count was "based on [these] petitioning activities alone."  Bristol Asphalt, 493 Mass. at 555.

The burden then shifted to the plaintiff to show "by a preponderance of the evidence that the petitioning activities lacked any reasonable factual support or arguable legal basis." Bristol Asphalt, 493 Mass. at 563.  The plaintiff did not carry her burden.  The police report and the defendant's victim impact statement included a detailed account of the history between the

6

parties and the alleged assault; the plaintiff provided no affidavits or evidence to show that the defendant's recounting lacked an objectively reasonable basis.  See Benoit, 454 Mass. at 153-154 (defendant "entitled to have special motion to dismiss allowed" when plaintiff's affidavit did not rebut allegations made in police report); Gillette Co. v. Provost, 91 Mass. App. Ct. 133, 138-139 (2017) (no reasonable basis where complaint was "bare bones," many allegations were made on "information and belief," and special motion opponent provided detailed evidentiary support to counter).

"The fact that the incident[] [was] resolved in the plaintiff['s] favor . . . does not mean that there was no colorable basis for" the defendant's report to the police or her victim impact statement.  Donovan v. Gardner, 50 Mass. App. Ct. 595, 600 (2000).  Here, where a judicial officer found probable cause to issue the assault charge, the criminal complaint cannot be said to have been "devoid of any reasonable factual support or any arguable basis in law."  G. L. c. 231, § 59H.  The plaintiff "did not show by a preponderance of the evidence that the defendant[] lacked any reasonable factual support for [her] petitioning activity."  Benoit, 454 Mass. at 154.  "Because the plaintiff[] failed to show that the petitioning activity in issue was devoid of any reasonable factual basis or basis in law, it is not necessary to reach the question whether the

7

activity caused the plaintiffs actual injury." <u>Office One, Inc</u>. v. <u>Lopez</u>, 437 Mass. 113, 124 (2002). We reverse the denial of the special motion to dismiss count one.

2. <u>Count II (slander, statements to building management)</u>. The motion judge correctly found that the defendant's statements to building management do not constitute petitioning activity "made before or submitted to" a government body or proceeding. G. L. c. 231, § 59H. The issue is whether these statements qualify as petitioning activity under the other categories in § 59H. They do not. "[C]laims sought to be dismissed pursuant to a special motion must be 'based on said party's exercise of its right to petition'" under the Federal or State constitution and the "right of petition contemplated by the Legislature is . . . one in which a party seeks some redress from the government" (citations and quotations omitted). <u>Global NAPs, Inc</u>. v. <u>Verizon New England, Inc</u>., 63 Mass. App. Ct. 600, 605-606 (2005).

Here, although the defendant transmitted information to her employer, it was building management, not the defendant, that initiated the eviction process against the plaintiff.[3] In the

---

[3] Count II alleges the slander "interfere[d] with [the plaintiff's] rights as a tenant" but also suggests it occurred after the date the summary eviction proceeding concluded. Whether the statements were made before or after the eviction proceeding, they were not made "in connection with an issue

circumstances, we have little difficulty concluding that the defendant "was not seeking from the government any form of redress for a grievance of [her] own or otherwise petitioning on [her] own behalf," and that, therefore, she "was not exercising [her] 'right of petition under the [C]onstitution' within the meaning of the statute." Kobrin v. Gastfriend, 443 Mass. 327, 330 (2005), quoting G. L. c. 231, § 59H. See Wynne v. Creigle, 63 Mass. App. Ct. 246, 253 (2005) ("the protection of the statute extends only to petitioning in the constitutional sense, that is, activities that involve a seeking from the government of the redress of one's own grievances or otherwise petitioning on one's own behalf"). "[T]hat a statement concerns a topic that has attracted governmental attention, in itself, does not give that statement the character contemplated by the statute." Global NAPs, Inc., 63 Mass. App. Ct. at 605. Because the alleged slander was not petitioning activity under § 59H, the defendant "cannot make the requisite threshold showing," and the special motion to dismiss was properly denied. Bristol Asphalt, 493 Mass. at 556.

3. Count III (slander, statement to court officer). As for count III, the defendant did not meet her threshold burden.

_____

under governmental consideration or review." Kalter v. Wood, 67 Mass. App. Ct. 584, 588 (2006). See G. L. c. 231, § 59H.

9

To constitute petitioning, "a communication must be 'made to influence, inform, or at the very least, reach governmental bodies — either directly or indirectly.'" Blanchard v. Steward Carney Hosp., 477 Mass. 141, 149 (2017), abrogated on other grounds by Bristol Asphalt, 493 Mass. at 542, quoting North Am. Expositions Co. Ltd. Partnership, 452 Mass. at 862 (2009). When communications are not made directly to the governmental body considering an issue, "courts look to objective indicia of a party's intent to influence a governmental proceeding." Blanchard, supra. See North Am. Expositions Co. Ltd. Partnership, supra at 862-863 (petitioning activity found where context suggested it was intended to influence governmental body).

Although the defendant's statement to the court officer was made during the plaintiff's criminal trial, it was a "tangential comment" that was not "related to the petitioning process." Global NAPs, Inc., 63 Mass. App. Ct. at 606. The comment was separate from the defendant's testimony and victim impact statement, an "incidental observation[] that [was] not tied to the petitioning activity in a direct way." Id. at 607. See Burley v. Comets Community Youth Ctr., Inc., 75 Mass. App. Ct. 818, 823 (2009) (statements to private parties not petitioning activity where moving party failed to show that "such statements were essentially 'mirror images' of those communicated to the

10

police and the court" or that they "were made in conjunction with . . . protected petitioning activity [for example, to facilitate further consideration and response by the police]"). The judge correctly denied the special motion to dismiss count III.

4. Count IV (intentional infliction of emotional distress). Although this count incorporates the allegations of count I, which we have concluded constituted petitioning activity, it also incorporates the allegations of counts II and III, which we have concluded do not challenge petitioning activity. It follows that count IV has a "substantial basis" in conduct "other than . . . petitioning activities." Duracraft Corp., 427 Mass. at 168. The judge correctly denied the special motion to dismiss count IV. See Columbia Plaza Assocs., 493 Mass. at 577 ("[I]f the special motion proponent cannot demonstrate that the claim is based solely on the proponent's own petitioning activity, the special motion must be denied").

Conclusion. We reverse so much of the December 4, 2023 order as denied the special motion to dismiss count I of the plaintiff's amended complaint and remand for the entry of an order dismissing count I. We affirm so much of the order as denied the special motion to dismiss counts II, III, and IV. To the extent the defendant appeals from so much of the order as denied her motion to dismiss pursuant to Mass. R. Civ. P.

11

12 (b) (6), it is not subject to interlocutory review and that aspect of the appeal is dismissed.  The matter is remanded for further proceedings consistent with this decision.

<u>So ordered</u>.

By the Court (Sacks, Shin & Hershfang, JJ.[4]),

Clerk

Entered:  January 2, 2025.

---

[4] The panelists are listed in order of seniority.